**STATE OF ALABAMA, on the relation of John PATTERSON as the Governor of the State of Alabama, and Sam M. Engelhardt, Jr., Complainants,**

v.

**Robert W. JONES, as Chairman of the United States Civil Service Commission; Frederick J. Lawton, as a Member of the United States Civil Service Commission; Mrs. Barbara Bates Gunderson, as a Member of the United States Civil Service Commission, and John Doe, being the Person who has been Directed by the United States Civil Service Commission to Conduct a Hearing as Trial Examiner in the Matter of the United States Civil Service Commission against Sam M. Engelhardt, Jr., and the State of Alabama, Respondents.**

Civ. A. No. 1651-N.

United States District Court
M. D. Alabama, N. D.
Nov. 12, 1960.

Smith & Moore, Montgomery, Ala., for complainants.

Hartwell Davis, U. S. Atty., and Paul L. Millirons, Asst. U. S. Atty., Montgomery, Ala., for respondents.

JOHNSON, District Judge.

This case, having been removed to this Court on October 18, 1960, as authorized by Title 28, § 1442, United States Code, is now submitted upon the motion of the respondents seeking to have this Court (1) set aside the injunction and restraining order entered in this case by the Circuit Court of Montgomery County, Alabama (Equity Case No. 35302) on the 17th day of October, 1960, and (2) dismiss the case. The grounds upon which respondents predicate their motion for dismissal are: (1) The question has become moot, (2) complainants have not exhausted their available administrative remedies prior to bringing this action, and (3) improper venue.

A study of the history of this litigation reflects that on August 1, 1960, the

United States Civil Service Commission, by and through its General Counsel, filed a "Letter of Charges" against the complainants herein, charging, in substance, that Sam Engelhardt, Jr., State Highway Director for the State of Alabama Highway Department, which Department was alleged to be financed "in whole or part" by loans and grants made by the United States, was actively participating in politics and political campaigns and was holding the office of Chairman of the State Democratic Executive Committee for Alabama.[1]

## *Jurisdiction of this Court*

██ ██ The initial question is whether this Court has jurisdiction to entertain this case. Under the removal statute, an action instituted against a federal officer, for the officer's actions under color of his office and authority, may be removed to the district courts as a matter of right.[2] There is no question but that this case is properly before this Court. As a matter of fact, the State of Alabama, on the relation of John Patterson, as Governor, and Sam Engelhardt, Jr., both, through their brief by counsel, acknowledge the jurisdiction of this Court to hear and determine the matters presented.

## *Jurisdiction of and Injunction by the State Court*

██ Since this case is properly in this Court, the question as to whether the Circuit Court of Montgomery County had jurisdiction is moot. Assuming, but not deciding,[3] that the case was properly before the State court, the only question remaining is as to the injunction the State court issued on October 17, 1960.

██ The authority is clear that once removal has been effected, questions such as here presented, by way of a motion to dismiss, may properly be raised. Lambert Run Coal Company v. Baltimore & Ohio R. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509.

██ ██ It is quite apparent from the appropriate authorities—recently cited

---

1. The pertinent portions of the Hatch Act to this case are:

    Title 5, § 118k(a)—"No officer or employee of any State or local agency whose principal employment is in connection with any activity which is financed in whole or in part by loans or grants made by the United States or by any Federal agency shall (1) use his official authority or influence for the purpose of interfering with an election or a nomination for office, or affecting the result thereof, or (2) directly or indirectly coerce, attempt to coerce, command, or advise any other such officer or employee to pay, lend, or contribute any part of his salary or compensation or anything else of value to any party, committee, organization, agency, or person for political purposes. No such officer or employees shall take any active part in political management or in political campaigns. * * *"

    Title 5, § 118k(b)—"If any Federal agency charged with the duty of making any loan or grant of funds of the United States for use in any activity by any officer or employee to whom the provisions of subsection (a) are applicable has reason to believe that any such officer or employee has violated the provisions of such subsection, it shall make a report with respect thereto to the United States Civil Service Commission (hereinafter referred to as the 'Commission'). Upon the receipt of any such report, or upon the receipt of any other information which seems to the Commission to warrant an investigation, the Commission shall fix a time and place for a hearing, and shall by registered mail send to the officer or employee charged with the violation and to the State or local agency employing such officer or employee a notice setting forth a summary of the alleged violation and the time and place of such hearing. * * *"

2. Title 28, § 1442 reads in part: "(a) A civil action * * * commenced in a State court against * * * [any officer of the United States acting under color of office or authority] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending * * *."

3. See this Court's opinion in State of Alabama ex rel. Gallion v. Rogers. etc. et al., 187 F.Supp. 848.

by this Court several times—that a State court does not have the authority to review the exercise of discretion by federal officers in the performance of their official duties.[4] That being the case, the injunction by the Circuit Court of Montgomery County, Alabama, was improvidently issued. It must be set aside and dissolved. The motion of the respondents seeking to have this cause dismissed will be granted.

■ Totally without merit is the argument of the complainants that since only one of the respondents petitioned for removal to this Court and the other respondents have not joined in said petition, respondents not joining are not properly before the Court. The only respondent served is the party that removed. The removal was effected as to all. See Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

Order and judgment will be entered accordingly.

---

4. The last opinion of this Court citing this principle and the authorities therefor was State of Alabama ex rel. Gallion v. Rogers, etc. et al., supra.