John I. S. **BELLAMY**, Plaintiff,

v.

**DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, SOCIAL SECURITY ADMINISTRATION**, Defendant.

No. 72 C 805.

United States District Court,
N. D. Illinois, E. D.
Oct. 19, 1972.

John I. S. Bellamy, pro se.

James R. Thompson, U. S. Atty., Robert A. Filpi, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter is now before the Court upon the government's motion to dismiss. For the reasons set forth below, the motion will be granted.

Plaintiff, an attorney, brought this action against the Secretary of the Department of Health, Education and Welfare in the Circuit Court in Wheaton, Illinois, for a declaratory judgment as to his birth date. On the Secretary's motion, the case was removed from the state court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

The complaint alleges that when he was six years old, plaintiff's foster mother forced him to agree that he was only five years old, because he was "too little to be six." Plaintiff contends that this resulted in his age being given as twelve, rather than thirteen, in the census of 1910.

The government moves to dismiss for lack of subject matter jurisdiction. The burden of proof on such a motion is on the plaintiff. Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942); Morgan v. Melchar, 442 F.2d 1082, 1085 (3d Cir. 1971). Based upon the review provision of the Social Security Act, and the administrative rules promulgated thereunder, the

Court concludes that plaintiff, by failing to respond to this motion which was filed over two months ago, has failed to sustain his burden. In light of the facts set forth below, it is highly doubtful that plaintiff could have sustained his burden if he had responded.

James E. Forbus, Deputy Director of the Bureau of Retirement and Survivors Insurance of the Social Security Administration, outlines the events leading to the filing of this action in his affidavit. Plaintiff's application for old-age benefits in 1961 stated that he was born on June 19, 1897. Since this date was in agreement with evidence of record (presumably the 1910 census), he was awarded benefits based upon that date and was notified of the establishment of that date as his birth date. Although this notice advised him of his right to apply for reconsideration of the determination within six months, plaintiff never requested it.

In 1971, plaintiff wrote the Social Security Administration requesting that his birth date be changed to 1896. When this was refused, this action was filed.

 Because the Social Security Act provides for review of agency action only in the federal district courts, 42 U.S.C. § 405(g), (h), there has been no waiver of sovereign immunity from suit in the state courts. Thus the circuit court failed to acquire jurisdiction, and this Court did not obtain jurisdiction by the removal.

Moreover, there is no independent basis of jurisdiction in this Court. If this action is viewed as one for review of the 1961 determination, plaintiff's failure to request agency reconsideration of that decision resulted in no hearing being held, and consequently there has been no "final decision" reviewable under § 405(g). Rushing v. Finch, 310 F.Supp. 848, 851 (W.D.La. 1970); 20 C.F.R. §§ 404.917, 404.945. If the Secretary's refusal to change the birth date in 1971 is considered as a denial of a request for reopening of the 1961 determination, plaintiff's failure to request reconsideration of the denial prevents that decision from being "final" and reviewable.

The Secretary treated plaintiff's 1971 letter as a request for recalculation, a discretionary remedy employed where reopening is no longer available. The Secretary's denial of the request was based upon plaintiff's failure to give any substantial evidence in support of his claim. This Court lacks jurisdiction to compel the Secretary to perform such a discretionary act (Bomer v. Ribicoff, 304 F.2d 427, 429 (6th Cir. 1962)), and even if such action were reviewable, plaintiff's failure to seek reconsideration would deprive this Court of jurisdiction under § 405(g).

Accordingly, this Court holds that it is without jurisdiction. The motion to dismiss is granted.

It is so ordered.