**Richard M. BROWN, Plaintiff,**

v.

**Donald E. JOHNSON et al.,
Defendants.**

**Civ. A. No. 72–G–66.**

United States District Court,
S. D. Texas,
Galveston Division.

April 5, 1974.

Marcial A. Knapp, Angleton, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for defendants.

## MEMORANDUM OPINION

NOEL, District Judge.

Because of plaintiff's delinquency in making house payments on his Veterans Administration mortgage loan, defendant John C. Von Dohlen, an official of the Veterans Administration, conducted a foreclosure sale of the property on September 7, 1972. After plaintiff refused to vacate the premises, the government brought eviction proceedings in Justice of the Peace Court, Brazoria County, Texas. Unsuccessful there, the government filed suit in County Court, Brazoria County for a trial de novo.

On May 22, 1972, plaintiff filed a quiet title action in state district court against Donald E. Johnson, who is the Administrator of Veterans' Affairs, and John C. Von Dohlen. Defendants removed the latter suit to this Court, based on the involvement of the federal officials. Defendants move for dismissal for want of jurisdiction, alleging sovereign immunity. The motion to dismiss and plaintiff's opposition have been carried with the case to this point.

As defendants point out, although federal officers are named as defendants, any judgment would operate against the United States. Simons v. Vinson, 394 F.2d 732 (5th Cir. 1968). With two exceptions, not relevant here, Dugan v. Rank, 372 U.S. 609, 621, 83 S. Ct. 999, 10 L.Ed.2d 15 (1963), suits against the United States may only be prosecuted if the sovereign has consented. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); State of Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506 (1914).

The provision relied upon by plaintiff as providing the necessary consent is 28 U.S.C. § 2410. That provision relates only to property on which the United States claims a *lien*. Stapleton v. $2,438,110, 454 F.2d 1210 (3rd Cir. 1971). It does not apply to disputes over property on which the United States claims *title*. Anderson v. United States, 229 F.2d 675 (5th Cir. 1956); Zager v. United States, 256 F.Supp. 396 (E.D.Wis.1966). Until recently, such suits were barred by sovereign immunity and the sovereign's failure to give consent to be sued. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Rambo v. United States, 145 F.2d 670 (5th Cir. 1944).

The recently passed Pub.L. 92–562, 86 Stat. 1176, effective October 25, 1972, now allows suits such as this one. See 1972 U.S.Code Cong. & Admin.News, pp. 1367, 4547 (1972). Section 3(a), 28 U.S.C. § 2409a, provides:

The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.

Another section of the Act, 28 U.S.C. § 1346(f) vests the federal district courts with exclusive jurisdiction of civil actions under Section 2409a. This grant of exclusive jurisdiction requires dismissal of this removed cause of action.

This Court's removal jurisdiction is derivative and limited to suits over which the state court had proper original jurisdiction. General Invest-

ment Co. v. Lake Shore Ry., 260 U.S. 261, 268, 43 S.Ct. 106, 67 L.Ed. 244 (1922). If the state court lacked jurisdiction, the federal court has none. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922). Any action commenced in a state court, involving a matter over which the federal courts have exclusive original jurisdiction, is subject to dismissal for want of jurisdiction. Warner Bros. Records, Inc. v. R. A. Ridges Distrib. Co., 475 F.2d 262 (10th Cir. 1973).

█ Thus, this Court has no jurisdiction to hear a suit to quiet title initially brought against the United States in state court and then removed because such suits must originally be brought in this Court. Accordingly, plaintiff's cause of action must be dismissed without prejudice to his right to bring a new action in this Court. Defendants' motion to amend their answer is also denied.