Richard E. McCLELLAN and Muriel McClellan, Plaintiffs-Appellants,

v.

James L. KIMBALL, Defendant-Appellee.

No. 77–4013.

United States Court of Appeals, Ninth Circuit.

July 9, 1980.

84

John P. Frank, Lewis & Roca, Phoenix, Ariz., for plaintiffs-appellants.

Martin W. Matzen, Dept. of Justice, Washington, D. C., argued, for defendant-appellee.

Before TRASK and SKOPIL, Circuit Judges, and THOMPSON *, District Judge.

SKOPIL, Circuit Judge.

### INTRODUCTION

The McClellans, private landowners, filed an ejectment action in state court against Kimball, a U.S. Forest Service supervisor. The action was removed to federal district court and dismissed on the ground that the Quiet Title Act, 28 U.S.C. § 2409a, was the McClellans' sole remedy. The McClellans argue that this case is controlled by our holding in *Ritter v. Morton*, 513 F.2d 942 (9th Cir.), *cert. denied*, 423 U.S. 947, 96 S.Ct. 362, 46 L.Ed.2d 281 (1975). In *Ritter*, we stated that, in an action against a federal officer in which title to property is disputed, the district court must first determine who held "apparent" title to the property. Because the district court lacked jurisdiction, we find it unnecessary to address this issue. We affirm.

### FACTS

The McClellans are owners of land (Maxwell Homestead) adjacent to the Apache-Sitgreaves National Forest in Apache County, Arizona. In 1884 a government survey established the boundaries of the property. In 1906 the McClellans' predecessors in in-

---

* Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

terest purchased the property from the United States.

A government resurvey was completed in 1936. This resurvey shifted the boundary of the Maxwell Homestead about 100 feet from the 1884 survey line. Since 1936, the Forest Service has been managing the contested 100 foot strip, an area of 13.3 acres. The United States argued that McClellans' predecessors in interest had been issued a series of special use permits. The permits entitled them to exclusive use of an area that included the contested strip and acknowledged that title to the land was in the United States.

The present dispute emerged in 1973 when the Forest Service issued the McClellans a new special use permit. The permit changed the use from exclusive to nonexclusive. The Forest Service intended to provide public access to a reservoir located in the Apache-Sitgreaves National Forest. The reservoir was created by a dam constructed by McClellans' predecessor on the contested strip of land.

The McClellans' argue that the 1936 survey was improperly conducted and is in error. In May 1974, Mr. McClellan notified the Forest Service of his intention to violate the provisions of the special use permit. Correspondence between the Forest Service and McClellans failed to resolve the dispute.

In December 1975, the McClellans filed a quiet title action in federal court, proceeding under 28 U.S.C. § 2409a. A few days later, this ejectment action was filed in the state court against James Kimball, a United States Forest Service supervisor in charge of the Apache-Sitgreaves National Forest. The complaint alleged that Kimball unjustifiably relied on the 1936 survey and deprived the McClellans of the exclusive use and control of the land. The complaint further alleged that Kimball's management of the disputed land was "an unconstitutional taking of property without just compensation," that Kimball acted "in the up-

most (sic) bad faith," and had "willfully sought to injure [the McClellans] . . . by acts which are *ultra vires* and intended to maliciously prejudice the property rights of [the McClellans]." The McClellans sought an order declaring them to be "sole title holders" of the contested strip of land, an order enjoining Kimball from interfering with the McClellans' ownership, and $5,000 compensatory and $10,000 exemplary damages.

The ejectment action was removed from state court and consolidated with the quiet title action. In July 1977, the ejectment action was dismissed without an opinion. At the hearing on the motion to dismiss, the court stated that the only remedy available was under the Quiet Title Act, 28 U.S.C. § 2409a.

After the ejectment action was dismissed, the district court also dismissed the quiet title action. No opinion was issued. From the record, it appears the dismissal was based on the statute of limitations, 28 U.S.C. § 2409a(f). That matter is not now before this court.

### ISSUES

The McClellans argue that the district court erred in granting Kimball's motion to dismiss. They insist that the complaint adequately stated a cause of action against an official of the United States and that the action was not barred by official immunity.

Kimball argues that 28 U.S.C. § 2409a was the McClellans' exclusive remedy to settle a dispute to land. Since jurisdiction in quiet title actions under section 2409a is vested exclusively with federal courts, Kimball argues that the state court lacked jurisdiction over the action. Kimball also asserts that an action against federal officials acting within the scope of their authority is barred by sovereign immunity.

### SOVEREIGN IMMUNITY

■ This case illustrates the recurring dilemma of the real property owner whose landholding neighbor is the United States. When the boundary is in dispute the proper-

ty owner has traditionally been barred from judicial relief. In the absence of congressional consent, the United States is cloaked with immunity. *Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). Nevertheless, if it is alleged either that a government official acted beyond the statutory limitations of his or her power, or that those statutory powers are constitutionally void, an action may be filed against an official of the United States. *Dugan v. Rank*, 372 U.S. 609, 621–622, 83 S.Ct. 999, 1007, 10 L.Ed. 15 (1963); *Martinez v. Marshall*, 573 F.2d 555, 560 (9th Cir. 1977). The action is justified on the theory that the official's conduct cannot be attributed to the sovereign because the official had no power to do the challenged acts. *Larson v. Domestic and Foreign Commerce Corporation*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed.2d 1628 (1949).

Congress waived sovereign immunity in most quiet title actions through the Act of Oct. 25, 1972, Pub.L. 92–562, 3(a), 86 Stat. 1172, codified as 28 U.S.C. § 2409a. The McClellans' quiet title action filed pursuant to that statute was apparently time barred by a 12-year statute of limitations. 28 U.S.C. § 2409a(f). Kimball argues that McClellans' ejectment action is an attempt to circumvent the statute of limitations by adjudicating title to the disputed property in another way.

■ Unless it is alleged that Kimball acted outside his authority or was violating some federal statute, he is not a proper party to represent the government's interest in a quiet title action. *County of Bonner, State of Idaho v. Anderson*, 439 F.2d 764 (9th Cir. 1971). In the absence of such allegations the action is against the United States. *Smith v. Grimm*, 534 F.2d 1346, 1351 at fn. 6 (9th Cir.), *cert. denied* 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976).

■ The McClellans did assert illegal and unconstitutional conduct by Kimball. The complaint alleged that Kimball's reliance on the 1936 survey was unjustified and that Kimball knew or should have known that the land in question belonged to the McClellans. These allegations reveal that Kimball

was performing the duties of a Forest Service officer in respect to the contested land. Kimball is bound by federal regulations to act in accordance with the resurvey. 36 C.F.R. §§ 200.2(a)(1), 200.4 (1977). The McClellans have not alleged facts that, if proved, would show that Kimball acted outside his official capacity. *See Ritter v. Morton*, 513 F.2d at 945. This action for ejectment is therefore an action against the United States. *See Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed.2d 1628 (1948).

### REMOVAL JURISDICTION

Kimball argues on appeal that the state court lacked jurisdiction over the ejectment action since it was in reality a quiet title action against the United States. The removal jurisdiction of a federal court is derivative in nature. If the state court lacked jurisdiction over the ejectment action, the district court would also lack jurisdiction. *Jacobson v. Tahoe Regional Planning Agency*, 566 F.2d 1353, 1362 (9th Cir. 1977), *affirmed in part, reversed in part on other grounds*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979).

Exclusive jurisdiction in quiet title actions against the United States is vested in federal courts. 28 U.S.C. § 1346(f). A state court does not have jurisdiction to decide quiet title actions against the United States. *E. g., Brown v. Johnson*, 373 F.Supp. 973 (S.D.Tex.1974).

The district court in this action did not have jurisdiction. The action was properly dismissed.

We AFFIRM.