**Mary W. CRUMPACKER, et al., Plaintiffs,**

v.

**Cecil D. ANDRUS, Secretary of the Interior, et al., Defendants.**

**H 77-0322.**

United States District Court, N. D. Indiana, Hammond Division.

April 22, 1981.

Supplemental Opinion April 30, 1981.

---

10. For this reason, the Court need not address the grounds offered by the defendants in support of their motions.

Owen W. Crumpacker, pro se and for plaintiffs.

Richard L. Kieser, Asst. U. S. Atty., Hammond, Ind., Harris & Welsh, Chesterton, Ind., Joseph S. Reid, Hammond, Ind., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge: *

Plaintiffs originally filed this action in Indiana state court in an effort, *inter alia*, to enjoin prosecution of a condemnation proceeding then pending before the Honorable Phil M. McNagny, Jr., the United States District Court for the Northern District of Indiana. *United States v. 88.28 Acres of Land*, Hammond Civil No. 70–H–244(2) (N.D.Ind.). Plaintiffs herein were joined as defendants in that action, since they were parties who claimed an interest in the land the government sought to condemn—Tract 02–128. Shortly prior to the scheduled trial date, however, the government successfully moved to dismiss these defendants, without prejudice, as having been improvidently joined. Plaintiffs then brought this suit against various governmental officials, financial institutions, and other persons claiming an interest in Tract 02–128. The complaint alleges that these defendants conspired to cloud plaintiffs' title to Tract 02–128; to persuade Judge McNagny to dismiss plaintiffs from the condemnation proceeding; and to secure condemnation of the land at far less than just compensation. In addition to injunctive relief, plaintiffs seek a declaration of their interest in Tract 02–128; partition, if necessary; and damages in the amount of $1.2 million—the amount they claim is the actual value of Tract 02–128.

---

* On August 12, 1980, Owen W. Crumpacker, a "substituted plaintiff" herein, named as defendants in a civil rights suit the judges of the United States District Court for the Northern District of Indiana. *Crumpacker v. Civiletti*, Hammond Civil No. H 80–451 (N.D.Indiana). As a result, the Honorable Phil M. McNagny, Jr., who originally presided over this action, as well as the other judges in this district, have recused themselves pursuant to 28 U.S.C. § 455 from all litigation involving Owen Crumpacker. On September 16, 1980, the Honorable Thomas E. Fairchild, Chief Judge for the United States Court of Appeals for the Seventh Circuit, designated this Court pursuant to 28 U.S.C. § 292(b) as a special district court for the Northern District of Indiana for the purpose of presiding over this and other cases involving Owen Crumpacker.

Pursuant to 28 U.S.C. § 1442(a), the federal defendants removed this action to federal court on September 9, 1977; Judge McNagny was designated presiding judge. During the pendency of this action, a jury in the condemnation proceeding determined just compensation for Tract 02–128 to be $120,000, and the government paid that amount to the remaining defendants. Plaintiffs herein, who were dismissed from that condemnation proceeding, appealed. Although the Seventh Circuit agreed that it was error for the Court to have dismissed these parties from the action, it nonetheless affirmed the result in the district court on the ground that the dismissed parties still retained alternative avenues for relief. *United States v. 88.28 Acres of Land,* 608 F.2d 708 (7th Cir. 1979).[1]

This action, which had lain dormant for three years after removal, now is before the Court on motions filed by several of the parties. The federal defendants have moved to dismiss or, in the alternative, for summary judgment; defendants Chesterton State Bank, Pioneer National Title Insurance Company, and Thomas have moved for summary judgment and for a protective order delaying discovery until after the resolution of their motion; and "substituted plaintiffs" Owen W. and Mary Eleanor N. Crumpacker have moved for a realignment of parties and for an entry of default judgment against certain defendants.[2]

The federal defendants argue that this Court is without subject matter jurisdiction of this action. They note that plaintiffs' claim essentially is one to quiet title as provided by 28 U.S.C. § 2409a(a), jurisdiction of which is vested exclusively in the federal district courts by virtue of 28 U.S.C.

§ 1346(f). They further contend that the state court in which this action originally was filed was without subject matter jurisdiction of plaintiffs' claims. Accordingly, since federal jurisdiction on removal under section 1442(a) is derivative of state court jurisdiction, the federal defendants conclude that this Court is without subject matter jurisdiction as well.

■ Initially, the Court observes that the federal defendants' petition for removal may not be construed as a waiver of their right to challenge the jurisdiction of this Court. *Minnesota v. United States,* 305 U.S. 382, 388–389, 59 S.Ct. 292, 295–296, 83 L.Ed. 235 (1939); *Stapleton v. $2,438,110,* 454 F.2d 1210, 1218 (3d Cir.), *cert. denied,* 409 U.S. 894, 93 S.Ct. 111, 34 L.Ed.2d 151 (1972); *Bottos v. Beamer,* 399 F.Supp. 999, 1000 n.1 (N.D.Ind.1973). Although a different result has obtained where a party removes a case from a state court of competent jurisdiction in order to secure dismissal based upon jurisdictional defects in the removal court, *Bor-Son Building Corp. v. Heller,* 572 F.2d 174, 181 (8th Cir. 1978), the very premise of the federal defendants' motion is the absence of jurisdiction in the state court. Thus, the petition for removal in this action must be construed as nothing more than the federal defendants' invocation of their right under section 1442(a) "to have the issues presented heard before a federal judge." *Bottos,* 399 F.Supp. at 1000 n.1.

Turning to the merits of the federal defendants' motion, the Court notes the long line of decisions—both in the Seventh Circuit and elsewhere—holding that the jurisdiction of a federal court on removal under

---

1. Because the condemnation proceeding has reached its conclusion, that part of plaintiffs' complaint which seeks to enjoin defendants from pursuing that action is moot.

2. Unfortunately, the parties have been less than diligent in filing memoranda of law pursuant to the schedules set by this Court. Plaintiffs, after failing to comply with three separate deadlines imposed by the Court for responding to the motion by defendants Chesterton, Pioneer, and Thomas for summary judgment, filed a response on February 23, 1981, one month

after the final deadline. Defendants never objected to the filing of this memorandum or in any way responded to it. Plaintiffs have failed to file any response at all to the federal defendants' motion to dismiss, despite being ordered to do so by December 8, 1980, and, when that deadline passed, by January 16, 1981. Plaintiffs have filed no memoranda in support of their motion for default. Nonetheless, as it indicated it would, the Court now addresses these motions, with or without the benefit of the full expression of the parties' views.

section 1442 is only as good as the jurisdiction of the state court in which the action originally was filed. *See, e. g., Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939); *Bancohio Corp. v. Fox*, 516 F.2d 29, 31 (6th Cir. 1975); *Federal Savings and Loan Insurance Corporation v. Quinn*, 419 F.2d 1014, 1017 (7th Cir. 1969); *Armstrong v. Morex International, Ltd.*, 413 F.Supp. 567, 570 n.1 (N.D. Ill.1976); *Bellamy v. Department of Health, Education, and Welfare*, 354 F.Supp. 1231, 1233 (N.D.Ill.1972). On this rationale a number of courts have dismissed quiet title actions that the federal government has removed to federal court, even though the plaintiffs could have obtained jurisdiction had they in the first instance filed their actions in federal court. *Key v. Wise*, 629 F.2d 1049, 1057 (5th Cir. 1980); *McClellan v. Kimball*, 623 F.2d 83, 86 (9th Cir. 1980); *Bradford v. United States*, 431 F.Supp. 88, 89 (W.D.Okl.1977); *Isham v. Blount*, 373 F.Supp. 1376, 1377 (E.D.Tenn.1974); *Brown v. Johnson*, 373 F.Supp. 973, 974–975 (S.D. Tex.1974).

■ There is no question but that this action is one to quiet title within the meaning of section 2409a(a); indeed, plaintiffs in their complaint denominate it as such. Plaintiffs' additional requests for injunctive and monetary relief do not alter the essential character of this suit. *See, e. g., McClellan*, 623 F.2d at 86 [suit for ejectment, damages, and to quiet title construed as an action within exclusive federal court jurisdiction pursuant to sections 2409a and 1346(f)]. Nor, assuming federal jurisdiction of plaintiffs' claims against the other defendants herein, may plaintiffs establish jurisdiction of their claims against the fed-

eral government under the doctrine of pendent jurisdiction. First, this would call for the exercise of pendent party jurisdiction, a variant of the doctrine which the Seventh Circuit has declined to recognize. *Hampton v. City of Chicago*, 484 F.2d 602, 611 (7th Cir. 1973), *cert. denied*, 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). More basic, however, is the objection that application of the doctrine in this case would inappropriately expand the scope of federal jurisdiction to suits against the government. "This Court cannot, by using the judge-made doctrine of pendent jurisdiction, waive the immunity of the United States where Congress, the constitutional guardian of this immunity, has declined to do so." *Sanborn v. United States*, 453 F.Supp. 651, 655 (E.D.Cal.1977) (jurisdiction under Federal Torts Claim Act does not support jurisdiction of a separate inverse condemnation claim of more than $10,000). *See also Ware v. United States*, 626 F.2d 1278, 1285–1287 (5th Cir. 1980).

■ Thus, the Court grants the federal defendants' motion to dismiss for lack of subject matter jurisdiction.[3] In accordance with the teaching of *Quinn*, 419 F.2d at 1017, this dismissal is without prejudice to plaintiffs' right to file another action against the government.[4]

■ Defendants Chesterton, Pioneer, and Thomas base their motion for summary judgment on the doctrines of res judicata and collateral estoppel. First, they argue that the dismissal of plaintiffs herein from the condemnation proceeding precludes plaintiffs from now litigating their claim to Tract 02–128 in this Court. As the Seventh Circuit made clear, however, the dismissal

3. For this reason, the Court need not express its view as to the federal defendants' alternative argument that this action should be dismissed on the basis of official immunity.

4. Should the plaintiffs choose to refile their action, however, they should do so cognizant of the restraints imposed by the Seventh Circuit decision in *United States v. 88.28 Acres of Land*. Although the scope of those restraints is not before the Court at this time, the Court does note that the opinion suggests that plaintiffs' only recourse for their alleged losses with

respect to Tract 02–128 is to file a suit against the government for inverse condemnation in the Court of Claims or to sue the government in district court in a quiet title action under section 2409a. 608 F.2d at 715–716. Because these forms of relief appear to be mutually exclusive, and because the district court is without jurisdiction of claims against the government in excess of $10,000, 28 U.S.C. § 1346(a)(2), plaintiffs may not be able to seek both in this Court.

of plaintiffs herein from the condemnation proceeding was without prejudice to their rights in the land. *United States v. 88.28 Acres of Land*, 608 F.2d at 712–715. Therefore, the dismissal does not bar plaintiffs from claiming title to Tract 02–128.

■ Second, defendants urge that this action is barred by the dismissal with prejudice of a state court action plaintiffs had filed to quiet title to Tract 02–128. *Crumpacker v. Warner*, Cause No. 16501 (Porter Superior Court). Although this action was dismissed on September 10, 1973, it was reinstated by an order of November 12, 1980. Thus, since there has been no final ruling in that proceeding, collateral estoppel may not attach.

This does not mean, however, that this action may proceed apace against these and the remaining defendants. For reasons which have not been addressed by the motions, the Court has serious reservations about its jurisdiction over this action. Therefore, the Court asks the remaining parties in this action to file memoranda of law, not exceeding seven pages in length, on or before May 5, 1981. These memoranda should be addressed to the following questions:

1. In light of the dismissal of the claims against the federal defendants, is there an independent basis for federal jurisdiction of the remaining claims?

2. If there is no independent basis for jurisdiction, are the remaining claims so intertwined with the allegations against the federal defendants as to require dismissal without prejudice? Or are the claims independent and separable from the dismissed claims against the federal defendants, so as to make a remand to state court appropriate? *Compare Bancohio*, 516 F.2d at 31, *and Dickinson v. Chrysler Corp.*, 456 F.Supp. 43, 48 and n.10 (E.D.Mich.1978).

3. If there is an independent basis for continued federal jurisdiction, should the Court nonetheless defer to the pending state court action to quiet title and stay these proceedings? *See, e. g., Burrows v. Sebastian*, 448 F.Supp. 51, 53 (N.D.Ill.1978).

The Court advises the parties that come May 8, it will rule promptly on these questions irrespective of whether the parties have filed their memoranda of law.[5]

Finally, there remain plaintiffs' motions for a realignment of the parties and for a judgment of default against certain defendants. Although there is no motion addressed to this question, the motion by defendants Chesterton, Pioneer, and Thomas raise the issue of whether Owen and Eleanor Crumpacker are proper parties to this action. They originally were not named in the complaint as plaintiffs; their first appearance as parties on any document of record was on the motion for realignment filed May 14, 1980, wherein they denominated themselves as "substituted plaintiffs" for Mary Crumpacker, Owen's mother and a plaintiff in this action, who allegedly had died.

This attempt at substitution completely ignores the procedures set forth in Fed.R. Civ.P. 25(a)(1) for substitution. Those procedures are quite simple to follow. If a party dies during the pendency of an action, a representative may file with the Court— and serve upon all parties pursuant to Fed. R.Civ.P. 5—a writing that suggests the death of the party. Within ninety days thereafter, the representative must file a motion for substitution, thereby affording interested parties an opportunity to object. Rather than follow these procedures, Owen and Eleanor Crumpacker simply declared themselves to be substituted plaintiffs, bypassing this Court and treating their self-designated status as a fait accompli.

■ The Court notes, however, that for the most part the parties to this action have

---

5. Because of the jurisdictional questions that remain unresolved in this action, the Court will defer ruling on the Chesterton, Pioneer, and Thomas defendants' motion for a protective order. The result of this will be to stay the requested discovery pending the Court's decision on the above-listed questions.

treated the substitution as a fait accompli as well. The papers they have filed list Owen and Eleanor Crumpacker as substituted plaintiffs; indeed, even the caption of the memorandum in which defendants Chesterton, Pioneer, and Thomas raise this point identifies them as substituted plaintiffs. To dismiss Owen and Eleanor Crumpacker as improper parties would be a draconian measure completely out of proportion to the harm caused by their error.[6] Thus, the Court will construe the May 14 motion for realignment as a suggestion on the record of the death of Mary Crumpacker, and as a motion for substitution. Defendants are ordered to file any objections they have to the substitution on or before April 27, 1981. Owen and Eleanor Crumpacker may respond to any objections on or before May 4, 1981. Once again, the Court advises the parties that it will rule on this question at the close of the briefing schedule, irrespective of whether any memoranda have been filed.[7]

To summarize, the federal defendants' motion to dismiss for lack of subject matter jurisdiction is granted, without prejudice to plaintiffs' rights to seek relief against the government with respect to Tract 02–128. The Cheserton, Pioneer, and Thomas defendants' motion for summary judgment based on res judicata and collateral estoppel is denied. The Court, however, orders the parties to respond to the jurisdictional questions posed on pages 6 and 7, *supra*, on or before May 4, 1981. The Court further construes Owen and Eleanor Crumpacker's motion for realignment as a motion for substitution of parties as well, and orders that any objections thereto be filed on or before May 4, 1981. Owen and Eleanor Crumpacker shall respond to any objections on or before May 11, 1981. All other motions pending before the Court are deferred pending resolution of these matters. It is so ordered.

## SUPPLEMENTAL OPINION

It has come to the Court's attention that there is some inconsistency as to the dates upon which parties are to file memoranda in the case of *Crumpacker v. Andrus*, Hammond No. H 77–322 (N.D.Indiana, April 22, 1981). To clarify:

(1) Objections to realignment are to be filed by Monday, May 4, 1981. Responses to any objections to realignment are to be filed Monday, May 11, 1981.

(2) The parties are to file memoranda regarding the jurisdictional questions posed on pages 6 and 7 of the Memorandum Opinion and Order on or before Friday, May 8, 1981.

These corrections supercede any references to the contrary in the April 22, 1981, Memorandum Opinion and Order. It is so ordered.

---

6. This is especially so since in fact it appears that Mary Crumpacker has died, and that Owen and Eleanor well might be their successors-in-interest in this litigation. *See Crumpacker v. Crumpacker*, Hammond Civil No. H 75–212, Slip Op. at 2 (N.D.Ind., June 27, 1980).

7. Because of the uncertainty over the status of Owen and Eleanor in this action, their motion for realignment must be deferred pending resolution of the substitution question. Moreover, since the motion for default is derivative of the motion for realignment, the Court defers consideration of that question as well.