**Robert J. WRIGHT, Plaintiff-Appellant,**

v.

**Frank GREGG, Defendant-Appellee.**

**No. 80–3471.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1982.

Decided Aug. 26, 1982.

Rehearing Denied Nov. 1, 1982.

Robert J. Wright, Noti, Or., for plaintiff-appellant.

James L. Sutherland, Asst. U. S. Atty., Eugene, Or., for defendant-appellee.

Before BROWNING, Chief Judge, and WALLACE and BOOCHEVER, Circuit Judges.

PER CURIAM:

Wright appeals the dismissal of his suit against Gregg, Director of the Bureau of Land Management (BLM), for want of subject matter jurisdiction. Wright brought that suit to prevent the BLM from closing Jenny Creek Bridge. In his second amended complaint, Wright asserted jurisdiction under: (1) 28 U.S.C. § 2671 et seq., the Federal Torts Claims Act; (2) 28 U.S.C. § 1346(a)(2), the Tucker Act; and (3) 28 U.S.C. § 2409a, the Quiet Title Act. Gregg moved to dismiss under Fed.R.Civ.P. 12(b) on the grounds the court lacked subject matter jurisdiction and Wright had failed to state a claim upon which relief could be granted. The district court accepted the magistrate's recommendation the action be dismissed for lack of subject matter jurisdiction. We reverse.

The district court found Wright failed to comply with the procedural requirements of the Federal Torts Claims Act. We have held the procedural requirements of 28 U.S.C. § 2675 are jurisdictional in nature. *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977). Under 28 U.S.C. § 2675, an action cannot be brought until the claimant has first presented the claim to the appropriate federal agency, is denied relief in writing by the agency, or the agency fails to make a final disposition of the claim within six months of filing. Furthermore, under 28 C.F.R. § 14.2(a), a claimant must state a claim for damages in a sum certain for injury to or loss of property alleged to have occurred by reason of the incident. The requirement of a "sum certain" has been upheld. *House v. Mine Safety Appliance, Inc.*, 573 F.2d 609, 615 (9th Cir.).

■ Wright attempts to overcome the notice requirements of section 2675 by offering a newspaper article that reports he threatened the BLM with suit, and a letter from the BLM advising him that his filing of a mining claim or mill site location on public lands surrounding the bridge does not give him any interest in the bridge itself. However, Wright does not allege nor does the record indicate that a claim was ever submitted to the BLM, that the claim included an allegation of a sum certain, that it was denied, or that six months had elapsed without agency action. Thus, the district court was correct in dismissing Wright's claim under section 2675 for failure to establish jurisdiction under that section.

■ The Tucker Act grants the district court concurrent jurisdiction with the Court of Claims for civil actions or claims against the United States which are founded either upon the Constitution, an Act of Congress, a regulation of an executive department, or upon any express or implied contract with the United States for damages in cases not sounding in tort. 28 U.S.C. § 1346(a)(2). Wright's complaint did not allege any facts which would constitute a claim under the Constitution, act of Congress, or any regulation, and did not allege a contract either express or implied with the United States. Rather, it is clear that the allegations in Wright's second amended complaint regarding the damage caused by the BLM's attempts to close the entrance and exit to the bridge sound in tort, and thus do not fall within the requirements of the Tucker Act.

■ Wright also attempted to plead a quiet title action under 28 U.S.C. § 2409a. Section 2409a is a waiver of sovereign immunity in suits against the United States to adjudicate a disputed title to real property in which the United States claims an interest. Since Wright did not name the United States as a defendant, the district court concluded it was without subject matter jurisdiction.

Failure to explicitly name the United States as a defendant, however, does not necessarily bar jurisdiction under section 2409a and its jurisdictional counterpart, 28 U.S.C. § 1346(f). We held in *McClellan v. Kimball*, 623 F.2d 83, 85–86 (9th Cir. 1980), a suit for ejectment brought against a United States Forest Service supervisor, that absent allegations that a federal government official acted outside his authority (*e.g.*, violated some federal statute or acted pursuant to an unconstitutional statute), such a suit was to be construed as a quiet

title action against the United States over which the district courts had exclusive jurisdiction under 28 U.S.C. §§ 1346(f) and 2409a. Wright did not allege Gregg acted outside his official capacity. Accordingly, the suit is against the United States, sovereign immunity is waived by section 2409a, and the district court had jurisdiction under section 1346(f).

To hold otherwise would permit defendant to take logically inconsistent positions. On the one hand, defendant argues Wright is actually suing the United States and thus must overcome sovereign immunity by alleging jurisdiction under a federal statute that specifically waives such immunity. On the other hand, defendant contends that because Wright failed to name the United States as defendant, Wright cannot invoke section 2409a which specifically waives sovereign immunity.

Dismissal is reversed with respect to Wright's quiet title action under section 2409a.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

WALLACE, Circuit Judge, dissenting:

The majority reading of *McClellan* is fraught with potential dangers. I would restrict that ejectment case to its facts and not transfer its questionable quiet title action reasoning to this case.

The only issue then remaining would be whether it was an abuse of discretion to dismiss the action rather than dismiss the complaint and allow another effort at amendment. Ordinarily discretion is abused when the pleader's affidavits or other evidence show either that the court actually has jurisdiction over the case or that the nonmoving party might be able to amend to allege jurisdiction. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 552 (1969); *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1382 (10th Cir. 1978), *cert. denied*, 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979); *Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543 (7th Cir. 1975). However, this general rule should not apply

when the plaintiff fails to seek leave to amend and, as here, adamantly refuses to amend even up through the time of oral argument. Here the magistrate's findings and recommendations clearly stated why jurisdiction was lacking:

... However, jurisdiction based upon 28 U.S.C. § 2409(a) is appropriate only where the United States is a defendant. The United States is not named as a defendant in the case at bar.

In Wright's objections to the magistrate's findings and recommendations he raised no objection to that part of the report nor made any attempt to argue that the district court had jurisdiction. *Compare Simons v. United States*, 497 F.2d 1046 (9th Cir. 1974) (error for district court not to deem plaintiff's complaint amended where plaintiff prayed in reply to government's motion to dismiss that jurisdiction existed under Tucker Act and amendment would not have been futile).

Wright has never made a request to amend the pleadings to name the United States as a party. If we were to apply the general rule stated above to the present case, it would mean that the district judge must grant leave to amend on his own initiative, when leave to amend has never been sought by the plaintiff and when the complaint contains allegations which are insufficient to confer subject matter jurisdiction. Moreover, in this case the magistrate's report specifically alerted the plaintiff to the reason why his second amended complaint failed to meet the jurisdictional requirements, thus giving him notice that an amendment could easily have cured the deficiency. With no request to name the United States and no objection to this part of the magistrate's report, I would hold the district judge did not abuse his discretion in dismissing the action.