William A. PAVLOV, Plaintiff,

v.

Paul PARSONS, Stan Wisniewski, and Paul O'Neill, District Director, Immigration and Naturalization Service, Defendants.

Civ. A. No. H–83–2974.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 14, 1983.

Anna E. Stool, Sinderson, Daffin, Flores & Stool, Houston, Tex., for plaintiff.

Michael K. Suarez, Asst. U.S. Atty., Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

### I. BACKGROUND

Plaintiff William M. Pavlov instituted this action in state court against Paul Parsons and Stan Wisniewski, in their individual capacities, for slander, assault, and violation of plaintiff's constitutional rights under the first and fifth amendments. Defendants removed to the district court pursuant to 28 U.S.C. §§ 1441 and 1442. Upon removal, plaintiff amended his complaint to reallege his claims against Parsons and Wisniewski and to include as a defendant Paul O'Neill, in his official capacity as District Director of the Immigration and Naturalization Service. In his original and amended complaints, plaintiff sought injunctive relief as well as damages at law. An application for a temporary restraining order was denied by this court on July 6, 1983. This court held a hearing for preliminary injunction on July 14, 1983.

Plaintiff is an attorney licensed in the State of Texas, specializing in the practice of international and immigration law. Defendants Wisniewski and Parsons are examiners for the Immigration and Naturalization Service ("INS"). This dispute arises from a series of events that allegedly transpired in the course of plaintiff's representation of his clients before the INS.

From December 1982 through February 1983, plaintiff appeared before the INS to represent many El Salvadoran nationals in pursuit of their petitions for asylum in the United States. Plaintiff alleges that, during the course of that representation, defendants Parsons and Wisniewski maliciously slandered him in front of his clients, thus injuring his business reputation; and that, in addition, Examiner Wisniewski assaulted him during an asylum interview with one of his clients. Plaintiff further asserts that both Examiners Parsons and Wisniewski interrogated plaintiff's present clients, inquiring, among other things, into plaintiff's fee structure, and that either District Director O'Neill or his deputy authorized this investigation. As a consequence of these acts, Pavlov claims a deprivation of his procedural due process rights under the fifth amendment and the right to effectively advise his clients under the first amendment. Plaintiff also asserts several common law tort claims.

Defendants deny any wrongdoing. Neither Parsons nor Wisniewski admit to having made any slanderous statements about Pavlov. Wisniewski also denies any assault, although he admits to the conduct of which Pavlov has complained.[1] Wisniewski and Parsons admit to investigating into plaintiff's fee structure, but state that it was only on instructions from their superior and only for a short time period. Moreover, defendants claim that their acts were all within the limits of their official duties

---

**1.** Wisniewski admits that he shouted at plaintiff, slammed his fist on the table during an interview, and told plaintiff and his client to "get out" of Wisniewski's office, but denies that this constitutes an assault. Preliminary Injunction Hearing, 90–92 (July 14, 1983).

as INS examiners and director, and maintain that they are entitled to absolute immunity from plaintiff's common law tort claims and qualified immunity from the constitutional tort claims.

Presently before the court is plaintiff's motion for preliminary relief. Defendant's oppose the motion, claiming that the court lacks jurisdiction to grant injunctive relief based on (1) the limitation that removal from state court places on a federal court's subject matter jurisdiction, (2) immunity of federal officers from liability, and (3) improper service of process on defendants Wisniewski and O'Neill.

### (1) DERIVATIVE JURISDICTION

Plaintiff asserts in his pleadings and at the hearing that jurisdiction exists for injunctions in *Bivens*-type actions for *ultra vires* and unconstitutional acts. Further, plaintiff avers that amendment of suit after removal cured any jurisdictional defects. Defendants contest jurisdiction for injunctive relief because the state court from which this action was removed lacked power to enjoin the defendants.

■ In cases removed from state court, a federal court's jurisdiction is "derivative." Accordingly, if the state court lacked jurisdiction, the federal court acquired none on removal. This is true irrespective of whether the federal court would have had jurisdiction had suit originally been brought in federal court. *Arizona v. Manypenny*, 451 U.S. 232, 243 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981); *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *Brown v. Johnson*, 373 F.Supp. 973, 974–75 (S.D.Tx.1974). Thus, if the District Court of Harris County, where plaintiff originally brought suit, lacked jurisdiction to enjoin defendants Wisniewski and Parsons, removal will not cure the deficiency.

■ As a general principle, "state courts are without jurisdiction to review the discretion or enjoin the federal acts of federal officers." *State of Alabama ex rel. Gallion v. Rogers*, 187 F.Supp. 848, 852 (M.D.Ala.1960), *aff'd*, 285 F.2d 430 (5th Cir.1961); *accord Kennedy v. Bruce*, 298 F.2d 860 (5th Cir.1962); *State of Alabama ex rel. Patterson v. Jones*, 189 F.Supp. 61, 64 (M.D.Ala.1960). The acts of which plaintiff complains requires extensive examination into the scope of the officer's discretion and review of their actions, but the District Court of Harris County had no jurisdiction to conduct such an inquiry or to issue an injunction against defendants Parsons and Wisniewski; consequently, this court cannot issue an injunction against these defendants.

■ Although this court is without jurisdiction to grant an injunction, plaintiff also seeks damages against these defendants as individuals. State courts have jurisdiction to award damages against federal officials for committing tortious acts without authority. *Leroux v. Hudson*, 109 U.S. 468, 477, 3 S.Ct. 309, 314, 27 L.Ed. 1000 (1883); *Buck v. Colbath*, 70 U.S. (3 Wall.) 334, 342, 18 L.Ed. 257 (1866); *Teal v. Felton*, 53 U.S. (12 How.) 284, 292, 13 L.Ed. 990 (1852). Consequently, this court has "derivative" jurisdiction to hear the damage claim against these two individuals provided jurisdiction is not barred by the sovereign or official immunity defenses.

■ Upon removal, plaintiff amended his complaint to reassert his claims against Wisniewski and Parsons and to include Paul O'Neill as a defendant. Amendment of the complaint, however, will neither cure the jurisdictional defects from the state court proceeding, *Freeman v. Bee Machine Co.*, 319 U.S. 448, 452, 63 S.Ct. 1146, 1148, 87 L.Ed. 1509 (1943), nor eliminate the derivative nature of this court's jurisdiction. But, because this suit was properly removed pursuant to 28 U.S.C. § 1442, which vests the court with an independent source of jurisdiction regardless of whether the suit might have been filed in federal court originally, *IMFC Professional Services, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir.1982), and this court has jurisdiction over the damages claims against Wisniewski and Par-

sons, plaintiff may amend his complaint to include claims not otherwise assertable in state court. Accordingly, this court's jurisdiction over those claims is original and not derivative. *Freeman,* 319 U.S. at 451–52, 63 S.Ct. at 1148; *Home Savings and Loan Association v. Samuel T. Issac & Associates, Inc.,* 496 F.Supp. 831 (N.D.Ill.1980). When plaintiff amended his original complaint in federal court, he brought a claim against O'Neill for injunctive and monetary relief for *Bivens*-type unconstitutional torts. *Bivens* torts fall within the court's federal question jurisdiction, thus this court has jurisdiction to grant injunctive relief against O'Neill as well as damages against all three defendants provided the sovereign and official immunity defenses fail.

### (2) SOVEREIGN IMMUNITY

■■ In any action against federal officers, the court must go beyond the nominal defendants to examine whether the suit is in effect one against the sovereign and thus barred by the doctrine of sovereign immunity.[2] *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 687, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1948). "The general rule is that a suit is against the sovereign if 'the judgment would expend itself on the public treasury or domain, or interfere with the public administration,' *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be 'to restrain the government from acting, or to compel it to act.' *Larson,* [337 U.S.] at 704 [69 S.Ct. at 1468]; *Ex Parte New York,* 256 U.S. 490, 502 [41 S.Ct. 588, 591, 65 L.Ed. 1057] (1921)." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Simons v. Vinson,* 394 F.2d 732, 736 (5th Cir.), *cert. denied,* 393 U.S. 968, 89 S.Ct. 398, 21 L.Ed.2d 379 (1968).

■ The Supreme Court has firmly established that sovereign immunity poses no bar for damage actions against federal officers sued as individuals, because a judgment will not affect the government's operations or property. *Larson,* 337 U.S. at 687, 69 S.Ct. at 1460; *see Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Accordingly, plaintiff's claims for damages against Wisniewski and Parsons are not barred. However, Pavlov seeks damages against O'Neill, in his official capacity. Any judgment against O'Neill would in effect be one against the United States because it would require expenditure from the public treasury; as a consequence, sovereign immunity bars the claim for monetary relief against O'Neill. *Larson,* 337 U.S. at 691 n. 11, 69 S.Ct. at 1462 n. 11; *Carter v. Seamans,* 411 F.2d 767, 770 (5th Cir.1969), *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970); *see Beller v. Middendorf,* 632 F.2d 788, 798 n. 5 (9th Cir.1980), *cert. denied,* 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981).

■ In an action for injunctive relief, the sovereign immunity question becomes more difficult. The Supreme Court has recognized two exceptions under which sovereign immunity will not bar requests for specific relief: (1) if the officer acts beyond his statutory authority, his acts are *ultra vires* and not of the sovereign, or (2) if the officer acts within the scope of authority but the powers themselves or the manner in which the powers are exercised are constitutionally void. *Dugan,* 372 U.S. at 621, 83 S.Ct. at 1006; *Malone v. Bowdoin,* 369 U.S. 643, 647, 82 S.Ct. 980, 983, 8 L.Ed.2d 168 (1962); *Larson,* 337 U.S. at 689–91, 69 S.Ct. at 1461–62; *Carter,* 411 F.2d at 770. Recently, the fifth circuit held that 5 U.S.C. § 702 (1976) waived the sovereign immuni-

---

**2.** In suits requiring a jurisdictional ruling, the court will "accept, at face value, the averments of the complaint unless they are so transparently insubstantial or frivolous as to afford no possible basis for jurisdiction...." *Carter v.* *Seamans,* 411 F.2d 767, 770 (5th Cir.1969), *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970). Here, plaintiff made sufficient allegations that the complaint is not frivolous.

ty defense in actions for non-monetary relief against federal officials alleging constitutional deprivations brought pursuant to 28 U.S.C. § 1331(a). *Sheehan v. Army and Airforce Exchange Service*, 619 F.2d 1132, 1138–39 (5th Cir.1980), *rev'd on other grounds*, 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *accord Jaffee v. United States*, 592 F.2d 712, 718–19 (3d Cir.), *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979); *Beller*, 632 F.2d at 796–99. *But see Watson v. Blumenthal*, 586 F.2d 925, 932 (2d Cir.1978). Plaintiff alleges both constitutional and common law claims against O'Neill and that all acts were *ultra vires*, hence sovereign immunity does not bar the request for injunctive relief.

### (3) OFFICIAL IMMUNITY

▌ Defendants contend that they are entitled to absolute immunity for the alleged common law torts and to qualified immunity for the alleged constitutional torts. To qualify for either immunity, the official's acts must have been within the scope of his powers. *Butz v. Economou*, 438 U.S. 478, 489–90, 98 S.Ct. 2894, 2902, 57 L.Ed.2d 895 (1978); *Barr v. Matteo*, 360 U.S. 564, 572, 79 S.Ct. 1335, 1340, 3 L.Ed.2d 1434 (1959). "It is only necessary that the action of the federal official bear some reasonable relation to and connection with his duties and responsibilities to be within the scope of his authority." *Claus v. Gyorkey*, 674 F.2d 427, 431 (5th Cir.1982) (citation omitted). Federal officials are entitled to absolute immunity for ordinary torts committed within the scope of their authority, *id.*, but only receive a qualified immunity for constitutional torts committed while exercising official discretion. *Butz*, 438 U.S. at 506–08, 98 S.Ct. at 2910–11. Moreover, only officials whose position requires the exercise of official discretion can claim the privilege of qualified immunity. *Williams v. Treen*, 671 F.2d 892, 896 (5th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 762, 74 L.Ed.2d 977 (1983). The burden is on the official to affirmatively allege the immunity defense, and to "show that the allegedly wrongfully actions ...

'were undertaken pursuant to the performance of his duties and within the scope of his discretionary authority.' *Barker v. Norman*, 651 F.2d 1107, 1124–25 (5th Cir. 1981)." *Id.* Once the defendant establishes this defense, the burden then shifts to the plaintiff to prove that the defendants' action violated clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982); *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1983).

▌ Defendants aver in their motions and in testimony before this court that all acts were done within the outer perimeters of their duties. However, this court finds that all the acts alleged to have constituted the common law torts are clearly beyond any authority delegated to either Examiners Wisniewski or Parsons, and consequently plaintiff's claim for damages is not barred by any official immunity defense. But as to the claims against O'Neill, the record is devoid of any evidence linking him to any of the common law tort offenses; therefore, this court concludes that plaintiff has failed to meet the prerequisites for granting a preliminary injunction. *Hardin v. Houston Chronicle Publishing Co.*, 572 F.2d 1106, 1107 (5th Cir.1978).

As for the constitutional torts, plaintiff contends that defendants' actions in conducting an investigation into his fee structure violated his right to due process under the fifth amendment. Defendants, however, counter that the limited investigation conducted was within both the district and deputy district directors' discretionary authority and the terms of 8 C.F.R. § 292.3 (1983).

▌ The regulations provide that the Board of Immigration Appeals is the body that may suspend or disbar any attorney who charges a grossly excessive fee. *Id.* § 292.3(a)(1). Initially, the suspension or disbarment proceedings are instituted only after "an investigation [is] established to the satisfaction of the regional commission-

er ....." *Id.* § 292.3(b). The regulation establishes that it is the regional commissioner's exclusive jurisdiction to authorize or initiate any investigation into an attorney's practices.

The delegated authority of the district director, although broad, is limited to his operational area of activity:

> Subject to the general supervision of the Regional Commissioner ... district directors ... have been assigned authority to direct the administration of the Service and enforce the Act and all other laws relating to immigration and naturalization *within their operational areas of activity,* unless any such power and authority is required to be *exclusively delegated* to *another immigration official....*"

*Id.* § 100.2(j) (emphasis added). The evidence establishes that investigating into an attorney's practices is not within the district director's area of activity. The testimony given in this court indicates that it was far from ordinary practice for the examiners to conduct any investigations, even on order from their superiors.[3] Therefore this court finds that defendants have failed to carry their burden of proof in establishing that any of the challenged actions were within the perimeters of their authority. Instead, the regulations outline the established procedure for any investigation and state that the regional commissioner alone has authority to initiate an investigation. This procedure was not complied with, and defendants have failed to demonstrate that their "questionable actions were taken in the regular course of discharging [their] official duties ...." *Cruz v. Beto,* 603 F.2d 1178, 1183 (5th Cir.1979). Therefore, defendants' qualified immunity defense also fails, and plaintiff may proceed with his constitutional tort claim for damages against Wisniewski and Parsons.

■ The record is insufficient, however, to implicate any nexus between O'Neill and the constitutional torts alleged. Plaintiff's pleadings, as well as testimony at the hearing, focused entirely on the actions of defendants Wisniewski and Parsons. Although the testimony establishes that Deputy District Director Gullage authorized the investigation, there is a lack of evidence to impute any action or knowledge to O'Neill. On this record, and because injunctive relief is an extreme remedy, this court denies plaintiff's motion for a preliminary injunction.

### (4) PERSONAL JURISDICTION

■ Defendants O'Neill and Wisniewski claim that this court lacks personal jurisdiction over them because neither was properly served. Yet, the record demonstrates that Wisniewski received in-hand service of process in compliance with rule 4(d)(1) of the Federal Rules of Civil Procedure which is sufficient when one is sued in his individual capacity. Plaintiff was not required to serve Wisniewski in accordance with rule 4(d)(5) as defendants claim. The record also reflects that plaintiff made the proper service of process on O'Neill in accordance with rule 4(d)(5). Accordingly, this court has full in personam jurisdiction over both of these defendants.

### CONCLUSION

This court is limited to derivative jurisdiction for the claims against Wisniewski and Parsons which were removed from state court. Thus, the court cannot award injunctive relief against these defendants; however, it retains jurisdiction over plaintiff's claims for monetary relief. The court has original jurisdiction over the claim against O'Neill and, therefore, has jurisdiction to award both injunctive and monetary relief.

The doctrine of sovereign immunity poses no bar to the claim for monetary relief against Wisniewski or Parsons as both are sued in their individual capacities. Sovereign immunity does not bar the claim for injunctive relief against O'Neill, but does prevent an award for damages because he is sued in his official capacity and any

---

3. *See, e.g.,* Preliminary Injunction Hearing 129– 30 (July 14, 1983).

**400**

award would impinge on the government treasury.

The defendants have failed to sustain their burden of proof that any of the alleged actions were within the scope of their authority and, hence, are afforded no protection from the official immunity defense.

Plaintiff has not carried his burden of showing entitlement to injunctive relief, because there is insufficient evidence in the record linking O'Neill to the alleged actions. Because plaintiff cannot proceed against O'Neill for damages, all claims against him are dismissed. Plaintiff may proceed with his damage claims against Wisniewski and Parsons on all counts.

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiff's motion for preliminary injunction be DENIED, and all claims against O'Neill are DISMISSED. Plaintiff may PROCEED against Wisniewski and Parsons for monetary relief.