Limmie GUTHRIE et al., Plaintiffs,

v.

DOW CHEMICAL COMPANY,
Defendant.

Civ. A. No. G–77–187.

United States District Court,
S. D. Texas,
Galveston Division.

Jan. 30, 1978.

J. Monty Bray of Bray & Watson, Houston, Tex., for plaintiffs.

T. J. Wray of Fulbright & Jaworski, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COWAN, District Judge.

On January 23, 1978, counsel for both parties appeared in open court to present argument in connection with plaintiffs' motion to remand and defendant's motion to dismiss. After consideration of the oral arguments of counsel, the briefs submitted by counsel and the pleadings of the parties, the court has determined that the plaintiffs' motion to remand should be denied, and that the defendant's motion to dismiss should be granted, and the plaintiffs' case dismissed without prejudice.

*Allegations of State Court Petition*

Plaintiffs allege that they are employees of Dow Chemical Company and proper representatives of an alleged class of all past and present employees of Dow Chemical Company's Texas Division. Plaintiffs also allege that they are beneficiaries of the Dow Chemical Company Employees Retirement Plan (hereinafter "Retirement Plan"). Plaintiffs allege that the Retirement Plan provides for the payments of benefits to retired employees of Dow and also provides that employee retirement benefits will be reduced by the amount of workmen's compensation benefits received by such an employee.

Plaintiffs allege in their petition that this challenged portion of the Retirement Plan,

whereby the retirement fund is entitled to credit for workmen's compensation benefits paid, is illegal because in violation of:

" . . . the law and public policy of the State of Texas as established in the Texas Constitution, common law of the State of Texas and Texas statutes, including but not limited to Vernon's Annotated Civil Statutes, Art. 8306, et seq, the Texas Workmen's Compensation Act. Additionally, plaintiffs would show that such portions of the retirement plan are contrary to the law and public policy of the United States Constitution, common law and statutes of the United States, including but not limited to Title 29, § 1001, et seq, of the United States Code, the 'Employees [Employee] Retirement Income Security Act.' "

Plaintiffs seek damages, a declaratory judgment, an injunction and such further relief in law and equity as the plaintiffs may be justly entitled to receive.

*Grounds for Removal*

Defendant's Petition for Removal is predicated upon 28 U.S.C. § 1441(a), which in its pertinent part states:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending. . . ."

Defendant contends that plaintiffs' allegations create a federal question for removal purposes.

█ The allegations of the petition concerning violation of the Constitution of the United States and of 29 U.S.C. § 1001, et seq, clearly allege a federal question, particularly in view of the fact that the Employee Retirement Income Security Act (29 U.S.C. § 1001 et seq.) (hereinafter "ERISA") contains in § 514(a) a preemption clause, indicating a clear intent on behalf of the Congress to preempt the entire area of regulation of all covered pension plans. See 29

U.S.C. § 1144(a), which is § 514(a) of ERISA.

Section 2 of Article III of the Constitution, of course, provides that:

"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, . . ."

█ Plaintiffs have alleged a federal question and, therefore, this case is removable "unless otherwise expressly provided by Act of Congress." In this connection, plaintiffs contend that this cause is non-removable because of the terms and provisions of 28 U.S.C. § 1445, which provide that:

" . . . (c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

█ A cursory review of the plaintiffs' petition reveals that plaintiffs' case is not merely an action " . . . arising under the workmen's compensation laws . . ." Applying the plain terms of the statute, therefore, 28 U.S.C. § 1445 is not applicable.

It is obvious that the Congress did not intend, by enacting 28 U.S.C. § 1445, to prevent the removal of cases like the one at bar. 28 U.S.C. § 1445 was enacted in June of 1948, long before ERISA was discussed or enacted by the Congress of the United States in 1974. The purpose of 28 U.S.C. § 1445(c) was to restrict diversity jurisdiction in cases where persons were claiming benefits under the workmen's compensation statutes. *National Surety Corporation v. Chamberlain*, 171 F.Supp. 591 (DC Tex. 1959). The statute was passed pursuant to a trend to restrict diversity jurisdiction, minimize the caseload on federal courts, and encourage the prosecution of workmen's compensation cases in state courts, where persons claiming benefits under the workmen's compensation laws were granted a completely adequate remedy.

Removal of this case was not precluded by 28 U.S.C. § 1445.

*Jurisdiction of State Court*

█ Having determined that this case is properly removable, the next inquiry is

whether the state court had jurisdiction. If the state court did not have jurisdiction of this cause of action, this court must dismiss it, without prejudice, for the reason that this court's diversity jurisdiction is totally derivative in nature. *Lambert Run Coal Co. v. Baltimore & Ohio RR Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *General Investment Co. v. Lakeshore Ry. Co.*, 260 U.S. 261, 288, 43 S.Ct. 106, 67 L.Ed. 244 (1922); *State of Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *Pliler v. Asiatic Petroleum Co., Ltd.*, 197 F.Supp. 212 (SD Tex. 1961); *Brown v. Johnson*, 373 F.Supp. 973, 974–5 (SD Tex.1947).

Defendant contends that ERISA, by its terms, preempts the entire area of regulation of covered pension plans, relying upon 29 U.S.C. § 1144(a) which states:

"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title . . . ."

District Judge Renfrew of the Northern District of California and Chief Judge Eshbach of the Northern District of Indiana, in comprehensive and scholarly opinions, have considered the extent to which ERISA was intended to occupy the entire field of employee benefit plan regulation. They concluded, on the basis of a study of the statute and a detailed study of the legislative history, that the Congress intended to reserve to federal authority the sole power to regulate the field of covered employee benefit plans. See *Hewlitt-Packard Co. v. Barnes*, 425 F.Supp. 1294 (ND Cal.1977) and *Wayne Chemical Co. v. Columbus Agency Service Corp.*, 426 F.Supp. 316 (ND Ind. 1977). The undersigned adopts and applies the findings and reasoning contained in *Hewlitt-Packard, supra*, and *Wayne Chemical, supra*.

Applying the plain provision of 29 U.S.C. § 1144(a) and *Wayne Chemical, supra*, and *Hewlitt-Packard, supra*, the sole substantive question presented by the plaintiffs' allegations are whether the challenged provision in the Dow plan is contrary to the Constitution of the United States, or some provision of ERISA.

The question then becomes whether or not the District Court of Brazoria County, Texas, had any jurisdiction over the subject matter of plaintiffs' petition.

■ Plaintiffs contend that the District Court of Brazoria County has jurisdiction over the allegations of the petition by virtue of 29 U.S.C. § 1132, which provides in its pertinent parts as follows:

"(a) A civil action may be brought—
(1) by a participant or beneficiary—

.    .    .    .    .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

.    .    .    .    .

Jurisdiction

"(e)(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section. . . ."

Each plaintiff contends that his petition asserts a civil action "to clarify his rights to future benefits under the terms of the plan . . . ." A proper construction of plaintiffs' petition, however, reveals that plaintiffs' position is mistaken. Plaintiffs do not seek to recover benefits under the plan or to clarify their rights to future benefits under the terms of the plan, but on the contrary, seek to have a portion of the plan declared illegal because it is alleged to be in violation of certain unspecified portions of the ERISA statute and the Constitution of the United States.

Section 1132(a)(1)(B) is obviously designed to cover that situation in which a

defendant refuses to pay benefits due under the terms of a plan, or where for certain reasons, a plaintiff seeks to clarify his rights to future benefits, without actually challenging the validity of a portion of the plan or seeking a construction of the ERISA statute.

The construction contained in the foregoing paragraph is supported by the legislative history as set forth in 1974 *U.S. Congressional & Legislative News*, p. 5107, where it is stated that:

"Under the conference agreement (i. e., the conference agreement which was ultimately enacted into law), civil actions may be brought by a participant or beneficiary to recover benefits due under the plan, to clarify rights to receive future benefits under the plan, and for relief from breach of fiduciary responsibility. The U.S. district courts are to have exclusive jurisdiction with respect to actions involving breach of fiduciary responsibility, as well as exclusive jurisdiction over other actions to enforce or clarify benefit rights provided under Title I. However, with respect to suits to enforce benefits rights under the plan, or to recover benefits under the plan which do not involve application of the Title I provision, they may be brought, not only in the U.S. district courts but also in state courts of competent jurisdiction. . . ."

As pointed out by the court in *Hewlitt-Packard Co. v. Barnes, supra*, Congressman Dent, Chairman of the Subcommittee on Labor of the House Labor and Education Committee explained:

"Finally, I wish to make note of what is to many the crowning achievement of this legislation, the reservation to Federal authority the sole power to regulate the field of employee benefit plans. With the preemption of the field, we round out the protection afforded participants by eliminating the threat of conflicting and inconsistent State and local regulations."

*Dismissal without Prejudice*

[6] It is fundamental that where the court dismisses a case for want of jurisdiction, it should not adjudicate the merits. Accordingly, this court does not reach the question of whether or not the plaintiffs' substantive allegations have merit, and further does not reach the questions of whether or not the plaintiffs are adequate representatives of a class, or whether this case should be certified or prosecuted as a class action.

█ It is the court's intention to dismiss the above-styled case without prejudice to the refiling of the cause in any court having jurisdiction of the parties and subject matter in controversy. It is further the holding of the court that any United States District Court with jurisdiction of the subject matter and the parties is a court of competent jurisdiction in connection with this matter. Contemporaneously herewith the court is entering a full and final judgment dismissing the above-styled case without prejudice, at plaintiffs' cost.