**James R. O'BRIEN et al., Plaintiffs,**

v.

**SPERRY UNIVAC and Sperry Rand Corporation, Defendants.**

Civ. A. No. 78–0257.

United States District Court, District of Columbia.

Oct. 19, 1978.

**1180**

Murdaugh Stuart Madden, Washington, D. C., for plaintiffs.

Burt A. Braverman, Margaret E. Rolnick, Washington, D. C., Marilyn Y. Klein, Blue Bell, Pa., for defendants.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

This case is before the Court on the defendants' motion to dismiss. Defendants argue that count I (the ERISA claim) should be dismissed because the court lacks subject matter jurisdiction under 29 U.S.C. § 1132; count II (breach of contract claim) and count III (estoppel claim) should be dismissed because there is no federal jurisdiction over these claims. Plaintiffs respond that the Court does have jurisdiction over count I and, consequently, has pendent jurisdiction over counts II and III. For the reasons hereinafter stated, the court will grant defendants' motion to dismiss counts I, II and III.

Plaintiffs' count I claim is based upon 29 U.S.C. § 1132, which requires a claim under "the terms of the plan." Here, plaintiffs are actually asserting a claim under the "summary plan description" and not the plan itself. It is undisputed that plaintiffs cannot claim relief under the terms of the Income Assistance Plan and, therefore, plaintiffs seek to incorporate the summary plan description into the plan so as to obtain jurisdiction here. The Court, however, finds this approach unpersuasive.

While the statute's definition of "plan" is not limited to a single document, *see* 29 U.S.C. § 1002(1), the statute draws a clear distinction between the "plan" and the "summary plan description." Section 1022 of Title 29 of the United States Code describes what constitutes a "summary plan description" and requires it to be furnished to participants and beneficiaries of the plan. Thus, the "summary plan description" is separate and distinct from the plan itself. In fact, the statute constantly refers to the "summary plan description *of the plan*," and, thereby suggests the independence of the description from the plan itself. *See* 29 U.S.C. § 1022, § 1132(d)(1) (emphasis added). Accordingly, when the "summary plan description" differs from the plan itself, a beneficiary cannot seek relief under 29 U.S.C. § 1132 if *only* the terms of the summary plan description would grant him or her relief.[1]

The case of *Guthrie v. Dow Chemical Co.,* 445 F.Supp. 311, 314 (S.D.Texas 1978), is noteworthy:

> Each plaintiff contends that his petition asserts a civil action "to clarify his rights to future benefits under the terms of the plan . . . ." A proper construction of plaintiffs' petition, however, reveals that plaintiffs' position is mistaken. Plaintiffs do not seek to recover benefits under the plan or, to clarify their rights to future benefits under the terms of the plan, but on the contrary, seek to have a portion of the plan declared illegal because it is alleged to be in violation of certain unspecified portions of the ERISA statute and the Constitution of the United States.

Similarly, plaintiffs here do not seek to recover benefits under the plan or to clarify their rights to future benefits under the terms of the plan, but on the contrary, seek to have a portion of the plan declared void because the summary plan description appears to alter the terms of the original plan. Therefore, this is not a claim under the "terms of the plan." 29 U.S.C. § 1132.

Although resort to legislative history is unnecessary because the statute is clear on

---

1. Nothing in this Memorandum should be construed as indicating whether plaintiffs are in fact entitled to relief under the terms of the summary plan description on a basis other than ERISA.

its face, the Court's conclusion is consistent with Congress's intent in enacting ERISA.[2] The conference report states that suits under 29 U.S.C. § 1132

"are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947."

[1974] U.S.Code Cong. & Admin.News, pp. 4639, 5106–07. Section 301 of the Labor-Management Relations Act [LMRA], 29 U.S. C. § 185, provides for suits "for *violation* of *contracts* between an employer and a labor organization . . .." Courts that have construed these terms have read them literally. In *Meehan v. Laborers Pension Fund*, 418 F.Supp. 29 (N.D.Ill.1976), the court dismissed a claim brought under § 301 of the LMRA for lack of subject matter jurisdiction because the complaint did not allege a breach of the collective bargaining contract, but only challenged actions of the administration of the fund. 418 F.Supp. at 30–31. In *1199 DC, National Union of Hospital and Health Care Employees v. National Union*, 394 F.Supp. 189 (D.D.C.1975), *aff'd in part, rev'd in part on other grounds*, 533 F.2d 1205 (1976), the court dismissed a claim brought under § 301 of the LMRA for lack of subject matter jurisdiction because the plaintiff union alleged a violation of the union constitution, which is not a violation of a contract. 394 F.Supp. at 191. As these courts have read § 301, so must this Court read § 1132. Consequently, the legislative history of ERISA requires this Court to dismiss count I of the complaint because plaintiffs have not asserted a claim under "the terms of the plan," but only a claim under the summary plan description.

Because federal jurisdiction for counts II and III can be based only on pendent jurisdiction, the Court must dismiss these counts because count I, the only asserted federal claim, has been dismissed.

An order in accordance with the foregoing will be issued of even date herewith.

**2.** Plaintiffs also rely upon legislative history in support of their argument that a plan is more than a single document. They allude to several deletions Congress made from prior versions of ERISA. The Court does not think these deletions are inconsistent with this Court's conclusion. First, no reason for these deletions can be found in the reports to the various bills. It is possible that Congress deleted these parts merely because they were thought redundant. Second, even if these deletions do indicate that the word "plan" includes more than a single document, this does not alter the fact that the summary plan description is definitely not part of the plan—but, rather, serves to describe the plan.