**George GORS, Plaintiff,**

v.

**VENOY PALMER MARKET, INC., a Michigan corporation, Leon Feig, Venoy Palmer Profit Sharing Plan & Trust, David Lieberman and Sommers, Schwartz, Silver & Schwartz, P.C., a Michigan professional corporation, jointly and severally, Defendants.**

**Civ. A. No. 83–CV–1838–DT.**

United States District Court,
E.D. Michigan, S.D.

Jan. 30, 1984.

**366**

Weisman, Trogan, Young & Schloss, P.C. by Howard B. Young, John A. Ruemenapp, Troy, Mich., for plaintiff.

Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C. by Ernest R. Bazzana, Patrick M. Barrett, Detroit, Mich., for defendants David Lieberman and Sommers, Schwartz, Silver & Schwartz, P.C.

Gropman & Peppler, P.C. by Dennis A. Peppler, Southfield, Mich., for defendants Venoy Palmer Market, Inc., Leon Feig and Venoy Palmer Profit Sharing Plan & Trust.

## OPINION

GILMORE, District Judge.

This matter is before the Court upon the motion of defendants Lieberman and Sommers, Schwartz, Silver & Schwartz, P.C. (Sommers, Schwartz), for dismissal pursuant to F.R.C.P. 12(b)(1). It is claimed this Court lacks subject matter jurisdiction on the grounds the complaint does not state a cause of action under ERISA. The other defendants have answered the complaint, asserting that they acted in good faith upon advice of counsel (Lieberman and Sommers, Schwartz). They remain neutral on the motion.

The questions presented are whether this Court has jurisdiction under ERISA, 29 U.S.C. § 1001 et seq., to decide if a summary plan description provided to participants served to modify provisions of the pension plan itself; and whether the Court can entertain a claim by plaintiff for benefits based on the summary plan description.

Plaintiff Gors was an employee of defendant Venoy Palmer Market, Inc. (Venoy), and a participant in the Venoy Profit-Sharing Plan and Trust. Under the terms of the plan, ten years of service with Venoy, Inc. were required for the plan to vest. The summary plan description furnished to the plaintiff stated, however, that only five years of service were required for complete vesting of benefits. Consistent with the ten-year vesting requirement, Gors was paid 50 percent of his account balance when he terminated his employment with Venoy after five years. He asserts the defendants are estopped from denying the five-year vesting schedule because of their oral and written representations.

Venoy, Inc. is the administrator of the plan. Defendant Feig, president of the corporation, is the sole member of the administrative committee and sole trustee. Defendant Lieberman, counsel with Sommers, Schwartz, drafted the plan and summary plan description.

Plaintiff alleges that various defendants have breached fiduciary and other duties owed to the participants and beneficiaries

of the plan, including plaintiff, by falsely informing them that benefits under the plan would be completely vested after five years when ten years was actually required. Counts I and IV allege that, pursuant to Title I of ERISA, defendants Venoy, Inc. and Feig, as administrators and trustees, owed fiduciary and other duties to participants and beneficiaries of the plan, including the duty under 29 U.S.C. § 1022, to provide an accurate and comprehensive survey summary plan description. He further asserts that all defendants have a duty not to permit erroneous and misleading information to be disseminated.

In other counts, plaintiff alleges the various defendants reasonably expected, or should have expected, the participants and beneficiaries of the plan would rely on representations made in the summary plan description, and that some of the defendants verbally assured plaintiff the plan vested after only five years. He asserts that he did in fact rely on the erroneous vesting schedule and summary plan description in terminating his employment after five years, and claims that, as a result of defendants' negligence, he suffered damages.

It is further claimed that defendants Lieberman and Sommers, Schwartz owed all of the participants a duty to use reasonable skill and due care as specialists in the field in the preparation of the pension plan and the disclosure documents. The complaint alleges a breach of that duty by a false and misleading summary plan description.

Defendants Lieberman and Sommers, Schwartz claim that the complaint does not state a cause of action under ERISA, and contend that the action is not based on any ERISA provisions. They contend rather that plaintiff's allegations of contract modification and promissory estoppel are state contract actions, and that ERISA is only collaterally involved because of the nature of the contract.

Specifically, they argue that the instant claim does not come within the scope of § 1132(a)(1)(B), the civil enforcement provision of ERISA, because it is not based on the "terms of the plan." 29 U.S.C. § 1132(a)(1)(B) provides that: "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." It is the position of the moving parties that § 1132(a)(1)(B) conditions the right to sue on a claim arising "under the terms of the plan" and that this condition is not satisfied where the participant asserts a claim based on the summary plan description only, which is separate from the plan itself.

Defendants rely heavily upon *Guthrie v. Dow Chemical Co.*, 445 F.Supp. 311 (S.D. Tex.1978); and *O'Brien v. Sperry Univac*, 458 F.Supp. 1179 (D.D.C.1978). These cases distinguish between the plan and the summary plan description and hold that § 1132(a)(1)(B) does not confer jurisdiction over claims brought under a summary plan description, but only over claims brought under the terms of the plan itself. These courts reasoned that claims founded on a provision of a summary description, conflicting with the provisions of the plan itself, are questions of state contract law, and that ERISA is only collaterally involved.

Defendants also argue that, when a summary plan description conflicts with the provisions of the plan, the plan itself must control the contractual relationship between the parties, citing *Anthony v. Ryder Truck Lines, Inc.*, 466 F.Supp. 1287 (E.D. Pa.1979), rev'd, 611 F.2d 944 (3d Cir.1979), and *Turner v. Local Union No. 302 Int'l Brotherhood of Teamsters*, 604 F.2d 1219 (9th Cir.1979). These cases, however, do not establish the proposition contended by the defendant. Neither case considered the question presented here, namely the scope of § 1132(a)(1)(B) jurisdiction with respect to contract claims or claims based on summary plan descriptions.

At least two circuit courts have rejected the views expressed by *Guthrie* and *O'Brien*. In *International Association of Bridge, Structural and Ornamental Iron*

*Workers Local 111 v. Douglas,* 646 F.2d 1211 (7th Cir.1981), cert. denied, 454 U.S. 866, 102 S.Ct. 328, 70 L.Ed.2d 166 (1981), the Seventh Circuit took jurisdiction over the action brought under the Labor Management Relations Act and ERISA, challenging the trustees' authority to amend the trust agreement so as to deprive participants of benefits from reserve accumulations already earned. The court held that there was jurisdiction under § 1132(a)(1)(B) as an action under "the terms of the plan," since the amendment could affect the rights of the plaintiffs to future benefits. And in *Allen v. Atlantic Richfield Retirement Plan,* 480 F.Supp. 848 (E.D.Pa.1979), aff'd 633 F.2d 209 (3d Cir.1980), the court held that, because the actions were brought to enforce rights under a retirement plan subject to ERISA, jurisdiction existed under 29 U.S.C. § 1132. *Allen,* at 849–50.

This Court rejects the reasoning of *Guthrie* and *O'Brien* and finds that the plaintiff has clearly stated a cause of action "to recover benefits due to [a participant] under the terms of his plan." Section 1132(a)(1)(B) does not require a limited construction excluding claims involving a challenge to the plan based on the summary plan description. Any attempt to establish a right to benefits will involve a determination of the terms of the plan, which, in turn, may require a consideration of whether a summary plan description served to modify the existing plan. In this case, plaintiff will be entitled to greater benefits if this Court determines that the existing plan has been modified to provide for complete vesting of benefits after five years. Once a claim is stated under § 1132(a)(1)(B), it is clear that this Court has concurrent federal jurisdiction under 29 U.S.C. § 1132(e)(1).

Plaintiff's complaint states more than a claim for benefits under the summary plan description. It alleges a breach of fiduciary duty imposed by ERISA under § 1109 for failure to comply with the summary plan description requirements of § 1022. Section 1022 requires the summary plan description to be "sufficiently accurate and comprehensive to reasonably apprise ... participants ... of their rights and obligations under the plan."

29 U.S.C. § 1109, providing for fiduciary liability, specifically refers to situations involving loss of funds:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

On its face, § 1109 does not seem to include fiduciary duties not related to management of plan assets. However, legislative history lends support for the extension of "fiduciary" duties under ERISA to include § 1022, the summary plan description requirement. The House Committee on Education and Labor, in approving ERISA's provisions relating to fiduciary duties, focused on this requirement:

> An important issue relates to the effectiveness of communication of plan contents to employees. Descriptions of plans furnished to employees should be presented in a manner that an average and reasonable worker participant can understand intelligently. It is grossly unfair to hold an employee accountable for acts which disqualify him from benefits, if he had no knowledge of these acts, or if these conditions were stated in a misleading or incomprehensible manner in plan booklets.

H.Rep. 93–533, reprinted in 1947 U.S.Code Cong. & Ad.News 4646, cited in *Allen v. Atlantic Richfield Retirement Plan, supra,* at 851.

Congress took very seriously the problem of informing plan participants of the requirements for eligibility of benefits, and § 1132(c) even allows participants to bring suit against plan administrators for failure

to supply requested information about the plan. It is only logical that plan participants should be the proper ones to bring suit if they have suffered because of a misleading and damaging summary plan description. They are the parties affected and the intended beneficiaries of the statute, and, as plaintiff points out, the dissemination of erroneous and misleading information about plan requirements is as damaging to the purposes of the Act as the failure to provide any information at all. In some instances, the consequences resulting from misrepresentation might be worse than those resulting from a failure to speak at all. In any case, Congress could not have intended that federal courts strictly police the one situation and totally ignore the other.

Public policy and the purposes of ERISA, which include national uniformity in the administration of pension and profit sharing plans, argue for a uniform federal law on the question of the scope and liability of a federally imposed duty to provide a summary plan description, and the circumstances under which it may serve to modify the plan provisions.

Based on the foregoing, this Court holds that it has federal jurisdiction over this action. Defendants' motion to dismiss is therefore denied. Plaintiff may present an order.