John MUSCAR, Sr., Robert R. Wallace, and Raymond J. Kretzler, Plaintiffs,

v.

ARCO CHEMICAL COMPANY, A DIVISION OF ATLANTIC–RICHFIELD COMPANY, Defendant.

Civ. A. No. 85–2970.

United States District Court, W.D. Pennsylvania.

Oct. 15, 1986.

Vincent J. Restauri, Jr., Pittsburgh, Pa., for plaintiffs.

Charles W. Kenrick, Richard C. Polley, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This action has been brought by three former employees of defendant corporation who applied for retirement just prior to the institution of a more lucrative early retirement plan. Plaintiffs have asserted two separate grounds for relief: (1) defendant breached its fiduciary obligations when it failed to advise plaintiffs of the imminent change in the plan; and (2) despite their applications for pension, plaintiffs were still on the payroll on the effective date of the new plan and therefore were eligible to participate in it.

The parties have filed cross motions for summary judgment with supporting briefs and evidentiary material. As will be more fully discussed below, the motions and briefs adequately address the first class of plaintiffs' claims, but fail utterly to provide any guidance with regard to the second class.

Defendant argues that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., is applicable and pre-empts plaintiffs' state claims of failure to disclose. Plaintiffs on the other hand contend that the special early retirement plan was distinct from the existing pension plan, was created solely to effect a reduction in force, and is therefore outside ERISA.

Section 1002(2)(A) of ERISA defines a pension benefit plan within the purview of the Act as:

"... any plan, fund or program ... to the extent that by its express terms or as a result of surrounding circumstances such plan, fund or program—

(i) provides retirement income to employees...."

The early retirement plan implemented by ARCO in September, 1982 squarely fits this definition. ARCO had an existing pension plan which covered employees and which provided benefits to employees upon their retirement. The early retirement plan, effective September 15, 1982, was merely an accelerated version of the existing plan. The fact that it was intended to effectuate a reduction in force is irrelevant. The monies to fund the accelerated plan derived in large part from the same fund and were administered by the same entity. Benefits appear to have been calculated in the same manner but full pension benefits were extended to employees whose rights in full pension benefits under the original plan had not yet vested. These facts are undisputed and quite clearly establish that this is a pension plan within the plain meaning of the Act. We are supported in this conclusion by Labor Department regulations enacted shortly after the effective date of ARCO's plan which indicate that such early retirement plans are governed by ERISA. 29 C.F.R. § 25.10–3–2.

However, the plaintiffs correctly point out that not every claim related to a pension is governed and pre-empted by ERISA. *Eversole v. Metropolitan Life Insurance Co.*, 500 F.Supp. 1162 (D.Cal.1980); *McNeil v. Suffolk County Painters Insurance*, 431 F.Supp. 387 (E.D.N.Y.1977); *O'Brien v. Sperry Univac*, 458 F.Supp. 1179 (D.D.C.1978). It is necessary to examine the nature of the claims and the framework of the Act to determine the extent of pre-emption.

Plaintiffs' claims are grounded in the allegation that they were misled and deceived by the company's failure to disclose to them the upcoming special retirement plan. ERISA contains extensive and detailed requirements for disclosure of plan provisions and their modifications, 29

U.S.C. §§ 1021–1030, and for the obligations and liability of fiduciaries. 29 U.S.C. §§ 1101–1145. It is quite clear that the Act provides the exclusive source for such matters and plaintiffs' state law claims based on misrepresentations and failure to disclose are therefore pre-empted.

We do not offer any opinion as to the efficacy of such claims under ERISA, particularly since plaintiffs have steadfastly insisted that they make no claim under the Act.

■ We are left then to consider the plaintiffs' claims that they were employed by defendant "on the payroll" at the effective date of the special plan and are therefore entitled to participate. Plaintiffs base this claim on two salient facts: (1) accrued vacation and sick days extended plaintiffs' time on the payroll through the effective date, and (2) the plaintiffs' applications for retirement were not accepted until well after the plan's effective date.

Simply put, the briefs and evidentiary materials do not provide sufficient ground for us to address these claims. We will therefore deny summary judgment to this extent, with leave to both parties to file any additional dispositive motions, well supported with briefs and evidentiary material relevant to the question, within the time set forth in the accompanying order, and any response to be filed within 15 days thereafter.

In conclusion, partial summary judgment will be entered in favor of defendant and against plaintiffs on plaintiffs' claims of misrepresentation and failure to disclose. Summary judgment on all remaining matters is denied both parties, with leave to file additional motions on the terms indicated.