**Johnny HICKS, Plaintiff,**

v.

**FLEMING COMPANIES, INC., et al., Defendants.**

**Civ. A. No. H–89–1622.**

United States District Court, S.D. Texas, Houston Division.

Jan. 31, 1991.

Carol Lemons, Houston, Tex., for plaintiff.

James L. Gascoyne, Houston, Tex., for defendants.

### ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is Defendants' motion for summary judgment. For the reasons stated below, it is the opinion of the Court that Defendants' motion should be granted.

Plaintiff, who was employed as a delivery truck driver by White Swan, Inc., seeks damages for Defendants' alleged wrongful denial of his long term disability benefits under the White Swan, Inc. employee benefits plan ("the plan"). Plaintiff's claim for relief is based on language contained in a booklet entitled "Your 1988 Total Compensation Report" ("booklet"). The booklet contains a paragraph describing the long term disability benefits which the plan provides to its participants.

Defendants argue that the booklet on which Plaintiff relies is insufficient, as a matter of law, to entitle Plaintiff to relief. Defendants contend that under the plan, as outlined in the "Summary Plan Description" and the "Group Policy Booklet," an employee must be a full-time clerical employee under the age of seventy or an employee whose employment is considered exempt under the Fair Labor Standards Act of 1938 to be eligible for long term disability benefits. It is undisputed that Plaintiff received an hourly wage and was not employed in any "clerical capacity." The question for the Court is whether the booklet relied on by Plaintiff serves as

a summary plan description ("spd") and thus entitles Plaintiff to long term disability benefits.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Under the Employee Retirement Income Security Act of 1974 ("ERISA"), the administrator of each employee benefit plan must furnish a spd to each participant. 29 U.S.C. § 1021(a)(1). The style and contents of the spd are described as follows:

> The summary plan description shall include the information described in [section 1022(b)], shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan.

29 U.S.C. § 1022(a)(1). The Sixth Circuit has held that statements in a spd are binding; if such statements conflict with the actual terms of the plan, the summary shall govern. *Edwards v. State Farm Mut. Auto. Ins. Co.,* 851 F.2d 134 (6th Cir.1988), *reh'g denied.*

Courts have held that a document does not have to contain each of the items listed in Section 1022(b) to qualify as a spd. Rather, any document which a plan distributes to its participants and which contains "all or substantially all of the information the average participant would deem crucial to a knowledgeable understanding of his benefits" entitles a participant to the benefits described therein. *Kochendorfer v. Rockdale Sash and Trim Co., Inc.,* 653 F.Supp. 612 (N.D.Ill.1987).

In *Kochendorfer* the document at issue, entitled a "record-keeping booklet," stated that if a participant was discharged other than for cause, his profit share would be paid in full. The petitioner in *Kochendorfer,* who was discharged other than for cause, sought relief from his employer based on the booklet's language. Holding that the booklet qualified as a spd, the Court considered the following:

> It [the booklet] purports to describe ... the purposes of the profit sharing plan, the source and amounts of money contributed to the plan, the method by which each participant's share is determined, when and how a participant receives payments from the fund, how the funds are invested, and the expected future of the plan.

*Kochendorfer,* at 616. The Court also pointed out that the document at issue failed to indicate that another document would govern if inconsistencies arose.

Other courts have listed similar requirements for spds. In *Alday v. Container Corp. of America,* 906 F.2d 660 (11th Cir. 1990), the Eleventh Circuit affirmed the district court's ruling that an employer could modify an employee benefit plan based on the terms of the spd. Regarding the petitioner's argument that the "summary of personal benefits booklet," which did not inform employees of the employer's right to modify the plan, served as a spd, the Court considered the following factors: whether the booklet described the plan's terms; whether the booklet specified its benefits or coverage and whether the booklet defined eligibility requirements or limitations. The court in *Alday* also contrasted plans which had a formal spd or plan document from those which did not have a formal plan document.

The Court is of the opinion that the booklet on which Plaintiff relies is not sufficiently comprehensive "to reasonably apprise participants of their rights and obligations under the plan." 29 U.S.C. § 1022. The booklet gives the following information on Plaintiff's long term disability benefits:

After 180 days of disability, you can receive $1,615 a month, including social security. Payments can continue during total disability: up to age 65 or longer if disability begins after age 62. The maximum family amount from all sources combined is 80% of your pay when disabled.

Although the booklet provides information regarding Plaintiff's alleged individual benefits, there is no description of the plan itself, such as the source and amounts of money contributed to the plan, the method by which each participant's share is determined, when and how a participant receives payments from the fund, and the expected future of the plan. Further, the booklet fails to describe limitations on eligibility. In essence, the booklet on which Plaintiff relies provides a cursory description of Plaintiff's benefits without providing information on the nature of the plan or the limitations on coverage.

In the section entitled "about this report," the booklet states: "naturally, all information provided is subject to the actual terms of the various legal documents that control your benefit program." Participants in the plan are given both a spd and a "group policy booklet" which contain descriptions of benefits and eligibility requirements and limitations. In light of the booklet's disclaimer, the case law and the relevant ERISA provisions, the Court finds that the booklet does not serve as a spd and that Plaintiff is not entitled to benefits based on its provisions. It is therefore ORDERED that Defendants' motion for summary judgment is GRANTED.