Roslyn KOZACK, on behalf of herself and all others similarly situated, Plaintiff,

v.

SHEARSON LEHMAN HUTTON, INC., John Laird, Jack Rivkin, Michael Milversted, John Alamo, Kenneth Gamble and Robert Genirs, Defendants.

No. 90 Civ. 5156 (RWS).

United States District Court, S.D. New York.

July 22, 1991.

Richard D. Greenfield, New York City, for plaintiff.

Shearson Lehman Hutton Inc., Office of the Gen. Counsel, New York City (Victor A. Machcinski, Jr., of counsel), for defendants.

OPINION

SWEET, District Judge.

Defendant Shearson Lehman Hutton ("Shearson") has moved under Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint of plaintiff Roslyn Kozack ("Ko-

zack") for failure to state a claim upon which relief can be granted, or alternatively, for an order compelling arbitration of Kozack's claim under the Federal Arbitration Act, 9 U.S.C. §§ 1–208 (1990) (the "FAA"). Individual defendants John Laird, Jack Rivkin, Michael Milverstad, John Alamo, Kenneth Gamble and Robert Genirs (the "Trustees") have moved for summary judgment. Kozack has moved for class certification of this action pursuant to Rule 23, Fed.R.Civ.P. For the reasons set forth below, Shearson's motion to dismiss is granted, the Trustees' motion for summary judgment is granted, and Kozack's motion for class certification is denied.

*Prior Proceedings*

On August 7, 1990, Kozack filed her complaint under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461 (1982). The instant motions were heard and fully submitted on April 12, 1991.

*The Facts*

The following facts are taken from the allegations of the complaint.

In December 1961, Kozack began working for Abraham & Company ("Abraham"). Abraham had no employee pension plan. She worked for Abraham until January 17, 1975, when it was bought out by Lehman Brothers Kuhn, Loeb, Inc. ("LBKL"). At that time, Kozack and other Abraham employees became participants in the LBKL pension plan. A few years later, in 1980, LBKL amended its pension plan for the purpose of retaining the services of former Abraham employees.

The 1980 amendment was designed to allow Abraham employees to earn additional credit in the LBKL pension plan to make up for the time they had been employed at Abraham and had not been covered by any pension plan. It allowed former Abraham employees to earn one additional year of credited service, up to a maximum of ten years or the length of the employee's service with Abraham, whichever was less, for each year of service with LBKL from January 20, 1980 through January 1, 1990 (the "Abraham Service Credit"). This addition-

al pension credit accrued to each former Abraham employee even if the employee did not remain with LBKL until 1990.

Thus beginning in 1980 Kozack accrued two years of pension credit for each one year she worked for LBKL—one year of "normal" credit, and one year of Abraham Service Credit. Because she had worked at Abraham for over ten years, Kozack would have been eligible to receive the maximum Abraham Service Credit of ten years if LBKL had continued the program until 1990 and if Kozack had worked for LBKL until that time.

In April 1984, Shearson purchased LBKL. In order to encourage the LBKL employees to remain with Shearson after the acquisition, Shearson permitted Kozack and other LBKL employees to "retain their accrued LBKL pension benefits" and to participate in the Shearson pension plan starting on May 11, 1984. To this end, on April 25, 1984, Shearson circulated a memo to former Abraham employees which contained the following paragraph:

LBKL Pension Plan—Employees who are already participants in the LBKL Pension Plan will retain their accrued LBKL pension benefits, will automatically become participants in the Shearson Pension Plan, and will receive vesting credit under the Shearson Pension Plan for service with LBKL. The Shearson Pension Plan is generally a more favorable plan than that maintained by LBKL. Employees who are not yet participants will receive full credit for LBKL employment under the Shearson Pension Plan.

In another memo, Shearson stated:

Service as currently defined and/or recognized under the Lehman plan will be credit for eligibility and vesting purposes under the Shearson plan.

The pension benefit for Lehman employees who continue with [Shearson] will consist of the sum of the Lehman Pension Plan benefit *plus the benefit accrued under the Shearson plan.*

(emphasis added).

Upon accepting employment with Shearson, Kozack agreed to arbitration as follows:

I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc. and be resolved in accordance with the rules, then in effect, of such entities. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof. In the event I fail to abide by these terms, this section shall in no way limit or impair the Company's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction.

Kozack and other similarly situated employees subsequently received various yearly individualized summaries of their benefits, including their pension benefits. The 1985 summary included the statement that "service under the LBKL plan was frozen as of 5/11/84." The 1986 through 1988 summaries included the statement that "Your [LBKL] retirement benefit has been included in the calculation of this benefit." The 1987 summary also stated that "All prior eligible service with participating companies has been included in the calculation of your vesting service." The 1988 summary stated that "All prior service with participating companies has been included in the calculation of your vesting service."

No further explanation was ever provided to Kozack or other former Abraham employees which particularly addressed the Abraham Service Credit. Kozack asserts on behalf of her class that she and other members believed that they would continue to accrue Abraham Service Credit under the Shearson plan and that this belief was reasonable.

In April 1989, when Kozack was considering retiring from Shearson, she made specific inquiries about her pension benefits, but was not advised until September 9, 1989, just a few weeks before her retirement, that she would not receive Abraham Service Credit in the Shearson plan, notwithstanding her continued employment with Shearson from May 11, 1984 to September 27, 1989.

On September 6, 1989, Shearson issued a final determination of Kozack's pension credit, which included "service credit for 9 years, 4 months for her employment with LBKL from 1/17/75 to 5/11/84, and an additional service credit, under the LBKL plan, for her years of employment with Abraham from 1/20/80 to 5/11/84, or 4 years and 4 months."

In November, 1989, Alexander Abraham, former chairman of Abraham, received a memo from the Shearson Employee Benefit Plans committee "in answer to questions raised by former Abraham & Company employees ..." The memo stated that:

Pursuant to the merger agreement between Lehman Brothers Kuhn Loeb and Shearson, years of credited service under the Lehman Pension Plan halted as of May 11, 1984, and subsequently the Lehman Pension Plan was merged into the Shearson Retirement Plan. All benefits accrued by participants after May 11, 1984 are under the Shearson Retirement Plan formula. This formula does not grant any additional credited service to former Abraham & Company employees.

Kozack asserts that this was the first explanation she and other former Abraham employees received of the status of the Abraham Service Credit under the Shearson plan.

*The Complaint Fails To State A Claim*

In determining a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), the factual allegations of the complaint must be construed in the light most favorable to the plaintiff and presumed to be true. A court may not dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *Accord*, *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v.*

*Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Kozack does not assert that any former Abraham employees in fact lost any vested benefits as a result of the merger of the LBKL and Shearson pension plans. Rather, she asserts that she and other similarly situated persons believed they would accrue more benefits under the Shearson plan than they actually did.

■ When one qualified defined benefit plan is merged into another, there is no legal requirement that the benefit accrual formula of the merged plan be retained. ERISA requires that accrued benefits cannot be reduced because of a plan merger, but future benefit accruals depend upon the terms of the surviving plan. ERISA does not prohibit a company from eliminating previously offered benefits which are neither vested nor accrued. *Sutton v. Weirton Steel Div. of Natl. Steel Corp.,* 567 F.Supp. 1184, 1196, 1200 (N.D.W.Va.), *Dhayer v. Weirton Steel Div. of Natl. Steel Corp.,* 571 F.Supp. 316, 324, 328–29 (N.D.W.Va.), *aff'd, Sutton v. Weirton Steel Div. of Natl. Steel Corp.,* 724 F.2d 406 (4th Cir.1983), *cert. denied,* 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984); *Phillips v. Amoco Oil Co.,* 614 F.Supp. 694, 719 (N.D.Ala.1985), *aff'd,* 799 F.2d 1464 (11th Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987); *Petrella v. NL Industries, Inc.,* 529 F.Supp. 1357, 1365–66 (D.N.J.1982).

In addition, there has been no denial of actual benefits required under the Shearson Plan, nor is there any such allegation in the complaint.

Sections 1021(a)(1) and 1022(b) of ERISA, 29 U.S.C. § 1022(a)(1), requires that the administrator of an employee benefit plan furnish participants and beneficiaries with a summary plan description which must include certain information and must "be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and compre-hensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." The information required in this description is specified in § 1022(b), and includes "a description of the provisions providing for nonforfeitable pension benefits," as well as "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits."

Thus, Kozack's sole claim relates to the disclosures made at the time of Shearson's acquisition of LBKL.

Section 402(a)(1) of ERISA requires that one or more named fiduciaries be responsible for the control and management of the operation and administration of the plan. Section 1104(a) provides that fiduciaries shall discharge their duties with respect to a plan "solely in the interest of the participants and beneficiaries," and establishes a prudent man standard of care for the discharge of such duties, defined as "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims...." 29 U.S.C. § 1104(a)(1).

Kozack asserts that the information distributed by Shearson in 1984 did not satisfy the requirement of §§ 1022(a)(1) and 1022(b) and that the individual defendants have breached their fiduciary duties under § 1104 by failing to insure that Kozack and other members of the class received adequate information about the Shearson Plan.[1]

Kozack's claims focus on the statements which are said to have misled the former Abraham employees into believing that under the Shearson plan they would continue to accrue the Abraham Service Credit which they had been earning in the LBKL plan.

The memos at the time of the LBKL/Shearson merger notified plaintiff and former Abraham employees that they

---

1. Failure to comply with the disclosure requirements of § 1022 can constitute a breach of the fiduciary duties outlined in § 1104. *Gors v.* *Venoy Palmer Market, Inc.,* 578 F.Supp. 365, 368 (E.D.Mich.1984).

would retain all of their accrued LBKL pension benefits, that they would become participants in the Shearson Plan, and that they would receive vesting credit under the Shearson Plan based on their services with LBKL, all of which occurred. In addition, they were specifically told that "[s]ervice as currently defined and/or recognized under the LBKL plan will be credited for eligibility and vesting purposes under the Shearson plan."

■ Nothing in the allegations of the complaint suggests that Kozack or any other former Abraham employee was ever told that they would begin to accrue benefits in the Shearson plan on the same basis as they had been accruing them in the LBKL plan. The employees were specifically told that their benefits would "consist of the sum of the LBKL Pension Plan benefit plus the benefit accrued under the Shearson plan." The clear import of this statement is that the employees would retain whatever benefits they had accrued under the LBKL plan, and that henceforth they would accrue benefits under the Shearson Plan, a plan which was clearly identified as being different from the LBKL plan and was described as "generally a more favorable plan than that maintained by LBKL." In addition, the summary of benefits issued in early 1985 specifically stated: "Service under the [LBKL] plan was frozen as of 5/11/84."

■ Other than pleading her own misunderstanding of the terms upon which she entered the Shearson plan, Kozack has simply not alleged facts which could support a finding that the statements by Shearson quoted above, taken individually or together, were in any way misleading. Indeed, Kozack cites and relies upon precisely these statements in her complaint. On the basis of these allegations, there is nothing which could establish that Shearson violated § 1022 or § 1104.

Kozack has, therefore, failed to state a claim against defendants. She has failed to allege acts or omissions sufficient to support the imposition of primary liability or aiding and abetting liability against Shearson or the Trustees. The complaint on its face demonstrates the adequacy of the statements that are under attack, and must therefore, be dismissed with leave granted to replead.[2]

*Arbitration Will Not Be Compelled*

In light of the dismissal of the complaint, Shearson's motion compelling arbitration is denied as moot. However, as Kozack is given leave to replead, it may perhaps be useful to note the overall federal policy favoring arbitration, *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987), as well as the Second Circuit's recent decision compelling arbitration of ERISA claims pursuant to an arbitration agreement. *Bird v. Shearson Lehman/American Express*, 926 F.2d 116 (2d Cir.1991).

*Class Action Certification Is Denied*

According to Kozack, class action certification would be required in this action or in arbitration, had it been compelled. This somewhat difficult issue, at least as to the availability of the Rules of Civil Procedure in arbitration, has become moot in view of the dismissal of the complaint. *See Floyd v. Bowen*, 833 F.2d 529, 534–35 (5th Cir. 1987) (explicitly approving district court's denial of class certification motion as moot following grant of summary judgment for defendants); *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir.1984) ("It has never been doubted that a complaint asserting a class action could be dismissed on the merits before determining whether the suit could be maintained as a class action"), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985); *Wright v. Schock*,

---

**2.** As to the Trustees' motion for summary judgment, Kozack concedes that the individuals named in her complaint are not those who were responsible for the Shearson plan during the time period relevant to this action. Therefore, the motion is granted and as to these individuals, no opposition having been made. Kozack may, if she elects to replead, name the proper individual defendants.

742 F.2d 541, 543–44 (9th Cir.1984) (district court may grant dismissal or summary judgment without first deciding pending class certification motion); *but see Finberg v. Sullivan,* 634 F.2d 50, 64 (3d Cir.1980) (*en banc*) (improper to deny decision on class certification for nine months until defendants moved for summary judgment, particularly where claim of individual plaintiff might become moot during delay).

*Conclusion*

For all of the foregoing reasons, Shearson's motion to dismiss the complaint is granted with leave granted to replead within twenty days, the Trustees' motion for summary judgment is granted as unopposed, and the motion for class certification is denied as moot.

It is so ordered.